Martínez Torres, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
La parte demandante apela de una sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de Aguadilla, en la que éste declaró que determinado camino que discurre entre las fincas de las partes en este caso, es un camino municipal. Acogida una moción de reconsideración y escuchada prueba adicional, el tribunal se reafirmó en su dictamen. Los señalamientos de error de la parte demandante-apelante atacan, esencialmente, la estimación de la prueba por el Tribunal de Primera Instancia. Así pues, examinada la exposición narrativa estipulada de la prueba, confirmamos la sentencia dictada.
I
Los demandantes-apelantes, integrantes de la Sucesión Calero Ramos, radicaron una acción civil el 20 de abril de 1995. Interesaban dejar sin efecto una resolución que fijó un estado provisional de derecho, emitida por el antiguo Tribunal Municipal, Sala de Isabela (Hon. Vanessa Merced Bajandas, Juez). La resolución establecía que cierto camino que discurre entre las fincas de las partes es propiedad municipal. Asimismo, en la *994 aludida acción civil, los demandantes-apelantes solicitaron al tribunal que reconociera su titularidad sobre el camino en cuestión. Por su parte, los demandados-apelados, María E. y María D. Calero, reclamaron que el camino en disputa es municipal.
Luego de varios trámites procesales, el tribunal, con la anuencia de las partes, designó al Ingeniero Heriberto Suárez Alfonso para que fungiera como perito. Se le entregaron al perito varios planos y certificaciones para que evaluara la titularidad del camino. Eventualmente, el perito rindió su informe. El mismo sin embargo, no fue concluyente. El perito se limitó a describir la prueba utilizada y unas inspecciones, pero, en sus recomendaciones al tribunal, indicó que luego de analizar los documentos y planos sometidos “no hay evidencia clara y específica que el camino es municipal. ” (Apéndice G del apelante, Informe del perito, pág. 1.)
Así las cosas, las partes dieron el caso por sometido. La prueba analizada por el tribunal consistió en las certificaciones del Alcalde y la Asamblea Municipal del Municipio de Isabela, planos de mensura, escritura de las propiedades de los demandantes-apelantes y los demandados-apelados, y el informe del perito. El tribunal, ante la crasa contradicción en la prueba sometida por las partes, decidió darle mayor peso a las certificaciones del Alcalde de Isabela y las de la Asamblea Municipal. Entendió el tribunal que esa prueba es más confiable, pues no proviene de las partes en el litigio. Las certificaciones declaran que el camino es municipal. Asimismo, el tribunal señaló que durante las vistas se desfiló prueba de que el camino en cuestión había sido asfaltado con fondos municipales. 
El 21 de noviembre de 1996, el Tribunal de Primera Instancia, Sala Superior de Aguadilla (Hon. Ramón E. Febus Bemardini, Juez), dictó sentencia declarando que el camino es municipal. Inconformes, los demandantes-apelantes solicitaron la reconsideración del dictamen. El tribunal señaló una vista para discutir la solicitud. El 9 de enero de 1997, se celebró la vista. En ésta, el tribunal determinó “convertir” la moción de reconsideración bajo su consideración en una moción de relevo de sentencia al amparo de la Regla 49.2 de Procedimiento Civil, según enmendada, 32 L.P.R.A. Ap. III (Supl. 1999). Las partes sometieron sus respectivos escritos. Posteriormente, se señalaron varias vistas para dilucidar unos incidentes sobre la estipulación de la prueba. Finalmente, el tribunal decidió recibir prueba en cuanto a la solicitud de relevo de sentencia. A tales efectos, dos personas fueron citadas: el Alcalde de Isabela, Hon. Carmelo Pérez Rivera, y el Sr. William Martínez.
Eventualmente, se celebró la vista. A ésta compareció el Alcalde de Isabela, Hon. Carmelo Pérez Rivera. El Sr. Martínez fue excusado por estar quebrantado de salud. El tribunal, con la prueba sometida ante sí y el testimonio del Alcalde, denegó las solicitudes de reconsideración y relevo de sentencia. Fundamentó su decisión en que no se encontraba presente ninguna de las instancias necesarias para relevar a los demandantes del efecto de la sentencia. De hecho, el tribunal señaló que no podía considerar una resolución de un caso sobre expediente de dominio mediante la cual se inscribió la propiedad a favor de los demandantes en el Registro de la Propiedad.
Inconformes, acuden ante nos los demandantes-apelantes. Plantean que erró el tribunal al determinar que el camino en controversia es municipal, y no de su propiedad. El 8 de abril de 1998, emitimos resolución ordenándole a los demandantes-apelantes que cumplieran con lo dispuesto en la Regla 54.2 de Procedimiento Civil, supra, y presentaran un proyecto de exposición narrativa de la prueba oral. Asimismo, quedaron debidamente apercibidos de las consecuencias contenidas en el inciso (g) de dicha regla. Nuevamente, el 29 de junio de 1998, ordenamos a los demandantes-apelantes que mostraran causa por la cual no debíamos dar el recurso por sometido ante la ausencia de exposición narrativa de la prueba. La parte apelante compareció el 21 de julio de 1998 (mediante moción informativa fechada el 13 de julio) en la que señala que no fue hasta el 18 *995 de mayo que envió un proyecto de exposición narrativa a la otra parte. En otras Palabras, no sólo lo preparó fuera de término, sino que nunca radicó el proyecto ante nos. Con su omisión, violó la Regla 54.2, Id., y nuestro apercibimiento. También incumplió con la Regla 19 de nuestro Reglamento, 4 L.P.R.A. Ap. XXII-A. No demostró justa causa para su incumplimiento. Aún así, le permitimos presentar la exposición narrativa. Finalmente, ésta fue estipulada por las partes. Véase nuestra Resolución de 8 de septiembre de 1999. Así pues, estudiados la exposición narrativa estipulada y los argumentos incluidos en los alegatos de las partes, y por los fundamentos que expondremos en breve, confirmamos la sentencia apelada.
II
En su escrito ante nos, los demandantes-apelantes esgrimen dos argumentos: que el camino les pertenece, pues en una acción previa de expediente de dominio y su subsiguiente inscripción en el Registro de la Propiedad, así se hizo constar, y que el testimonio del Alcalde no merece credibilidad.
En cuanto a la prueba del expediente de dominio, es importante señalar que el Tribunal de Primera Instancia claramente señaló que los demandantes-apelantes contaban con ella desde el inicio del caso, mas no la utilizaron. Los demandantes-apelantes indican que el tribunal conocía de la existencia de dicha prueba, ya que ésta se desprende del Registro de la Propiedad.
El expediente de dominio constituye un procedimiento especial establecido en la Ley Hipotecaria de 1979, 30 L.P.R.A. sec. 2001 y ss., para que los propietarios que carezcan de títulos inscribibles de dominio puedan inscribirlo, justificando así la adquisición. El procedimiento exige la audiencia del fiscal y la citación de los anteriores dueños del inmueble, de los que tengan algún derecho sobre él y de todos a quienes puede perjudicar la inscripción solicitada. Artículos 237-245 de la Ley Hipotecaria de 1979, según enmendada, Id., secs. 2762-2770; Rodríguez v. Registrador, 75 D.P.R. 712 (1953); González v. El Pueblo, 10 D.P.R. 483 (1906).
La característica procesal de los expedientes de dominio es que son actos de jurisdicción voluntaria con la contención limitada a lo que es objeto del expediente. Mientras no se suscite contienda entre partes conocidas y determinadas, el expediente no pierde su carácter de procedimiento ex parte y, por tanto, la resolución no adquiere la autoridad de cosa juzgada. Sánchez v. Registrador, 106 D.P.R. 361 (1977); Rodríguez v. Registrador, supra; Benitez v. Registrador, 71 D.P.R. 563 (1950); González, supra; Morell y Terry, Comentarios a la Ley Hipotecaria, 2da. ed., Tomo 5, Madrid, 1934, pág. 572; Roca Sastre, Derecho Hipotecario, 6ta. ed., Tomo III, Barcelona, 1968, pág. 319 y ss. Por ello, aunque la resolución judicial al respecto es revisable mediante certiorari, el expediente de dominio no impide un juicio declarativo posterior a instancia de los interesados. Art. 244 de la Ley Hipotecaria, supra, sec. 2769.
Así, aun en el supuesto de que el expediente de dominio formara parte de la evidencia presentada en el proceso y no hubiera sido excluido por el Tribunal de Primera Instancia, el mismo no es cosa juzgada. La prueba en que descansan los demandantes-apelantes para convencer a este Tribunal fue sólo una de las colindancias descritas en el plano que formó parte del expediente de dominio. No puede inferirse de esa prueba, como pretenden los demandantes-apelantes, que, en efecto, el camino es propiedad privada. Además, el hecho de que la prueba podía inferirse de las escrituras consideradas por el perito del tribunal no la hace admisible per se. Es decir, si los demandantes-apelantes deseaban que el tribunal considerase el proceso de expediente de dominio, tenían que ofrecer la misma como prueba sustantiva o solicitarle al tribunal que tomase conocimiento judicial. De los autos del recurso ante nos, no surge tal cosa. De todos modos, repetimos, ello no constituye un error que altere el resultado del caso.
Lo anterior no dispone del recurso. Es imprescindible destacar que el factor principal que empleó el Tribunal de Primera Instancia al resolver la controversia fue la prueba y testimonio de aquéllos ajenos a la *996 controversia: el Alcalde de Isabela, y las certificaciones emitidas por éste y por la Asamblea Municipal. Con esto en mente, consideremos el segundo planteamiento de los demandantes-apelantes. Este se circunscribe a atacar el testimonio del Alcalde de Isabela.
El Tribunal de Primera Instancia se encontró ante prueba conflictiva y categóricamente afirmó que otorgaba mayor valor probatorio a las declaraciones del Alcalde. Estas, además de constar en certificaciones, fueron vertidas en corte abierta. Una lectura de la transcripción del testimonio del Alcalde, sometida a manera de exposición narrativa estipulada, no demuestra que las determinaciones de hecho que realizara el foro de primera instancia sean producto de pasión, prejuicio, parcialidad o error manifiesto en la apreciación de la evidencia. Regla 43.2 de Procedimiento Civil, supra; Orta v. Padilla Ayala, Opinión de 8 de febrero de 1995, 95 J.T.S. 21, pág. 668; Ortiz v. Cruz Pabón, 103 D.P.R. 939, 946-47 (1975). Como señalara el Tribunal Supremo en Benítez Guzmán v. García Merced, 126 D.P.R. 302, 308 (1990):
“Reiteradamente hemos establecido que no intervendremos con las determinaciones de hecho del tribunal sentenciador a menos que exista error manifiesto o éste haya sido movido por prejuicio, parcialidad o pasión. Se impone un respeto a la aquilatación de credibilidad del foro primario en consideración a que ‘sólo tenemos... récords mudos e inexpresivos'. Esas apreciaciones deben ser objeto de gran deferencia en ausencia de circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto que nos mueva a intervenir. ” [Citas omitidas.]
Véanse también, Blás Toledo v. Hosp. Nuestra Señora de la Guadalupe, Opinión de 30 de junio de 1998, 98 J.T.S. 101, pág. 1427, citando a Sánchez Rodríguez v. López Jiménez, 116 D.P.R. 172, 181 (1985); Pérez Cruz v. Hospital de la Concepción, 115 D.P.R. 721 (1984).
En el caso de autos, no existe ninguna de estas condiciones. El Juez Superior aquilató y evaluó la prueba presentada; precisamente, esa es su función. Por ello, no intervendremos con ese dictamen. Las contradicciones que apuntan los demandantes-apelantes en el testimonio del Alcalde no son fundamentales; se limitan a la confusión normal sobre el nombre de un camino olvidado hasta ahora en los anales del Municipio de Isabela. El Alcalde testificó que otra administración había pavimentado el camino antes de su incumbencia y que el mismo, conocido como “los Rodríguez”, está ubicado entre las fincas de la co-demandada-apelada María Calero y la de Manuel Calero Castillo, hoy su Sucesión, aquí parte demandante-apelante.
Por último, si bien es cierto que el Tribunal de Primera Instancia se equivocó al concluir que estaba ante una moción de relevo de sentencia y no ante una de reconsideración debidamente acogida, [3] ese error de nomenclatura no anula la vista efectuada. Por el contrario, el tribunal actuó certeramente al permitir la presentación del testimonio del Alcalde, como parte de la vista en reconsideración, para clarificar la controversia sobre la titularidad del camino. En esa vista, el tribunal podía recibir prueba nueva. Fantauzzi Rivera v. E.L.A., 111 D.P.R. 124 (1981).
IIX
En virtud de todo lo anterior, se confirma la sentencia dictada por el Tribunal de Primera Instancia.
Lo acordó y ordena el Tribunal, y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
*997 ESCOLIOS 2000 DTA 59
1. Se ofreció, como prueba, una certificación del Municipio a esos efectos.
2. Art. 4.002(e) del Plan de Reorganización Núm. 1 de la Rama Judicial, aprobado el 28 de julio de 1994, según enmendado, conocido como la Ley de la Judicatura de Puerto Rico de 1994,4 L.P.R.A. sec. 22k(e) (Supl. 1999).
3. La moción de relevo de sentencia bajo la Regla 49.2 de Procedimiento Civil, según enmendada, supra, no puede invocarse en sustitución del mecanismo de reconsideración dispuesto en la Regla 47, Ibid., Olmeda Nazario v. Sueiro Jiménez, 123 D.P.R. 294 (1989). Ello sólo procede después de transcurrido el término para acoger la moción de reconsideración, lo que no sucedió en este caso. Vega Maldonado v. Alicea Huacuz, Opinión de 2 de abril de 1998, 98 J.T.S. 39.