EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Mercedes García Colón, et al<br><br>    Recurridos<br><br>            v.<br><br>Sucesión de Gabriel González Couvertier, et al<br><br>        Peticionaria | Certiorari<br><br>2010 TSPR 36<br><br>178 DPR ____ |

Número del Caso: CC-2008-130

Fecha: 11 de marzo de 2010

Tribunal de Apelaciones:

        Región Judicial de Carolina Panel XII

Jueza Ponente:
                Hon. Migdalia Fraticelli Torres

Abogados de la Parte Peticionaria:

                Lcdo. José Porbén Ulloa

Abogada de la Recurrida:

                Lcdo. Eugenio Rivera Lozada

Materia: Administración, Sentencia Declaratoria, Nulidad de Contrato y Daños y Perjuicios.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Mercedes García Colón, et al

    Recurridos

                                          *Certiorari*

       v.

                            CC-2008-0130

Sucesión de Gabriel González
Couvertier, et al

    Peticionario




Opinión del Tribunal emitida por la Jueza Asociada Señora Pabón Charneco



San Juan, Puerto Rico a 11 de marzo de 2010.

El peticionario licenciado Emilio Augusto Montañez Delerme, en adelante, licenciado Montañez Delerme, nos solicita la revisión de una Sentencia del Tribunal de Apelaciones. Mediante dicho dictamen, el foro intermedio apelativo revocó el dictamen del Tribunal de Primera Instancia que denegó un escrito intitulado "Regla 49.2 (Inciso 1,4- Moción para que se Deje sin Efecto Sentencia Parcial Dictada el 19 de Octubre de 2006 y Notificada el 30 de Octubre de 2006" presentado por la parte demandante del caso de autos. En consecuencia, el Tribunal de Apelaciones dejó sin efecto una Sentencia Parcial emitida por el

Tribunal de Primera Instancia que había desestimado la Demanda en contra del licenciado Montañez Delerme.

El recurso de autos nos brinda la oportunidad de determinar si la ausencia de un notario, que se alega es parte indispensable, puede justificar el relevo de una sentencia bajo la Regla 49.2 de Procedimiento Civil, *infra*.[1] Previo a iniciar nuestro análisis, expondremos los hechos que dieron génesis a la controversia de autos. Dichos hechos se iniciaron con una serie de eventos sucesorios separados que eventualmente se entrelazaron.

## I.

El 2 de septiembre de 1980, el señor Gabriel González Couvertier, en adelante, el testador, otorgó Testamento Abierto ante el licenciado Montañez Delerme. El testador

---

[1] Como veremos más adelante, hubiésemos llegado a la misma conclusión a la que hemos llegado, si nuestro análisis se hubiese limitado a afirmar, que la moción de relevo de sentencia presentada por la parte demandante, no era ni podía entenderse como un sustituto adecuado de los procedimientos apelativos. No obstante, como surge de la Opinión, puede haber circunstancias en que los planteamientos que motiven la moción de relevo de sentencia, por su repercusión sobre las partes, no sólo requieran una ponderación más sosegada de los argumentos presentados en dicha moción, sino que podrían acarrear la necesidad de relevar una sentencia, aunque se trate de una controversia de derecho y aunque hayan transcurrido los términos para apelar.

En el caso de autos, nos toca resolver, *inter alia*, si una sentencia que se alega es nula por falta de parte indispensable, puede justificar el que se releve una sentencia bajo la Regla 49.2 de Procedimiento Civil, *infra*. Específicamente, bajo el inciso cuarto (4) de dicha regla. Máximo, cuando según expondremos más adelante, bajo ese inciso, no existe ni siquiera un término para dejar sin efecto la sentencia y además, el tribunal no tiene discreción, puesto que si la sentencia es nula, tiene que dejarla sin efecto.

Por otro lado, no hemos encontrado ningún precedente en el cual este Tribunal haya discutido con detenimiento la Regla 49.2 de Procedimiento Civil, *infra*, bajo el fundamento de nulidad de sentencia por falta de parte indispensable. En atención a todo lo anterior, decidimos que la controversia ante nos no debía ser despachada con liviandad, por lo que decidimos resolverla mediante Opinión.

instituyó a su esposa, señora Mercedes García Colón como heredera del tercio de libre disposición, así como al hijo de ésta, Efraín Rodríguez García, y a todos sus otros hijos. En el tercio de mejora, el testador instituyó como único heredero a su hijo Daniel González Quijano; y en el tercio de legítima estricta, a sus siete (7) hijos de nombre, Isabel, Elsa y Daniel todos de apellidos González Quijano; Ada, Eva e Ida, todos de apellidos González Ortega y Elena González Félix. El testador falleció dejando el testamento como reflejo de su última voluntad.

De otra parte, el hijo de la señora Mercedes García Colón, a saber, Efraín Rodríguez García, falleció tres (3) días después de otorgar un Testamento Abierto[2] ante el licenciado Montañez Delerme.  En este testamento el señor Efraín Rodríguez García instituyó como heredera del tercio de libre disposición a su esposa, señora Helga Del Valle Torres; en el tercio de mejoras instituyó a sus tres (3) hijos, Efraín, Reynaldo y Verónica, todos de apellidos Rodríguez Del Valle y a su nieta Liliana María González Rodríguez; y en el tercio de legítima estricta a sus cuatro (4) hijos; Evelyn Milagros Rodríguez De Jesús y Efraín, Reynaldo y Verónica, éstos últimos de apellidos Rodríguez Del Valle.

---

[2] Anejo 10: Apéndice de la Petición de *Certiorari* ante nos por parte del peticionario, Escritura Número 15 de 9 de febrero de 1989, pág. 59.

Así las cosas, el Registrador de la Propiedad se negó a inscribir unas escrituras de compraventa de un inmueble que alegadamente formaban parte de la Sucesión de Efraín Rodríguez García en las que comparecían como otorgantes la Sucesión de un lado y la viuda del señor Efraín Rodríguez García, Helga Valle Torres, del otro. El Registrador de la Propiedad descansó su determinación en que el testamento otorgado por el señor Efraín Rodríguez García, de donde nacía el título de propiedad sobre el inmueble en particular y se establecía el correspondiente tracto de dominio, era nulo toda vez que el Notario, a saber, el licenciado Montañez Delerme, no hizo constar en el testamento que conocía personalmente a los testigos instrumentales. Ante la negativa del Registrador de la Propiedad a inscribir, el licenciado Montañez Delerme instó una petición de Declaratoria de Herederos de la Sucesión de Efraín Rodríguez García ante el Tribunal de Primera Instancia (Caso Núm. KJV2004-2718). En consecuencia, el 14 de enero de 2005, el foro de instancia declaró como únicos y universales herederos del señor Efraín Rodríguez García a sus cuatro (4) hijos, a saber, Efraín, Reynaldo y Verónica, todos de apellidos Rodríguez Del Valle y Evelyn Milagros Rodríguez De Jesús, así como a la viuda del señor Efraín Rodríguez García, señora Helga Del Valle Torres, en la cuota viudal usufructuaria.

Posteriormente, en julio de 2006, la Sucesión de Efraín Rodríguez García y Mercedes García Colón, madre de éste, presentaron la Demanda que da génesis a la controversia de autos. Como partes demandadas figuraron, entre otros, la Sucesión de Gabriel García Couvertier, el licenciado Montañez Delerme, su esposa y la Sociedad Bienes Gananciales compuesta por ambos, así como la compañía aseguradora del licenciado.

En la Demanda instada, los demandantes incluyeron varias causas de acción. Es la tercera causa de acción de la Demanda la que nos compete en esta ocasión; a saber, la solicitud de Sentencia Declaratoria y Nulidad del Testamento Abierto otorgado por el señor Efraín Rodríguez García. En particular, se alegó en la Demanda que el licenciado Montañez Delerme había autorizado el Testamento Abierto de Efraín Rodríguez García; que el testamento había sido calificado como nulo y no inscribible por el Registrador de la Propiedad toda vez que no se hizo constar en el documento que conocía a los testigos instrumentales y que por razón de lo anterior el licenciado Montañez Delerme gestionó la Declaratoria de Herederos del señor Efraín Rodríguez García el 14 de enero de 2002. A fin de obtener la Declaratoria de Herederos, fue admitido en el tribunal que el señor Efraín Rodríguez García había otorgado Testamento Abierto pero que el

documento "tenía un defecto que [impedía] inscribir los bienes del causante en el Registro de la Propiedad".

Los demandantes peticionaron al Tribunal de Primera Instancia que emitiera una Sentencia Declaratoria para determinar si el licenciado Montañez Delerme había cumplido con las formalidades de ley al autorizar los testamentos del causante y del señor Efraín Rodríguez García, a los efectos de determinar sobre su responsabilidad, a tenor con el Artículo 655 del Código Civil, 31 L.P.R.A. sec. 2202.[3]

Los demandantes sostuvieron, a su vez, que el Testamento Abierto otorgado por Gabriel González Couvertier también era nulo, por defectos similares al que presentó el del señor Efraín Rodríguez García, por lo que el Lcdo. Montañez Delerme tenía la responsabilidad de sostener la legalidad de los testamentos o responder en daños a los herederos de las sucesiones de ambos testadores. Por tal razón, los demandantes reclamaron que el Tribunal de Primera Instancia celebrara una vista para determinar si los dos (2) testamentos en controversia eran nulos, al tenor de las disposiciones del Código Civil e impusiera responsabilidad al notario autorizante, licenciado Montañez Delerme.

---

[3] Dicho precepto le impone responsabilidad al notario por los daños que pudiera causar su gestión negligente si un testamento autorizado por él fuera declarado nulo.

Así las cosas, el licenciado Montañez Delerme interpuso escrito intitulado "Moción Solicitando Desestimación". Alegó en el escrito que los demandantes no contaban con una causa de acción real y justiciable contra él. A tales fines, arguyó que un notario no era parte indispensable en el procedimiento de nulidad de un testamento por él autorizado, debido a que el posible perjuicio o lesión que éste pudo causar era contingente y estaba supeditado a que en el futuro ocurrieran una serie de eventos y circunstancias que no necesariamente tenían que darse. El licenciado Montañez Delerme apuntó que la reclamación era prematura antes de que se decretara válidamente la nulidad del testamento por un tribunal y que lo obligaba a defenderse de unos daños que en ese momento eran inexistentes. Fue contención del licenciado Montañez Delerme que la acción instada contra él pretendía que se reservara en su contra una posible causa de acción al palio del Artículo 655 del Código Civil, *supra*.

Evaluados los argumentos esgrimidos por el licenciado Montañez Delerme, el Tribunal de Primera Instancia acogió los mismos dictando Sentencia Parcial desestimando la Demanda instada en contra del licenciado Montañez Delerme.[4]

Ante lo anterior, los demandantes presentaron el 27 de noviembre de 2006, un escrito intitulado "Regla 49.2

---

[4] Surge de autos que los demandantes presentaron oposición al escrito seis (6) días antes de notificarse la Sentencia Parcial del Tribunal de Primera Instancia.

(Inciso 1,4- Moción para que se Deje sin Efecto Sentencia Parcial Dictada el 19 de Octubre de 2006 y Notificada el 30 de Octubre de 2006". En síntesis, adujeron que las actuaciones del licenciado Montañez Delerme habían ocasionado daños a una de las herederas demandantes. Sostuvieron que el señor Efraín Rodríguez García instituyó en el tercio de libre disposición a su esposa Helga Del Valle Torres y, al no tomarse en cuenta el Testamento Abierto suscrito y solicitarse, posteriormente, una Declaratoria de Herederos, la viuda había perdido su derecho al tercio de libre disposición, pasando los hijos del señor Efraín Rodríguez García a ser únicos y universales herederos del caudal de éste. Fue contención de los demandantes que el licenciado Montañez Delerme había causado daños a una heredera voluntaria al autorizar un testamento nulo o al no defender la legalidad del Testamento Abierto ante el Inspector de Protocolos, el Registro de la Propiedad y ante este Tribunal, mediante un recurso gubernativo.

Asimismo, los demandantes plantearon que este Tribunal había resuelto que el notario no era parte indispensable en el pleito cuando el daño no era real ni inmediato, sino contingente sujeto a ocurrencias futuras. No obstante, arguyeron que cuando el licenciado Montañez Delerme aceptó la calificación del Registrador de la Propiedad y gestionó la Declaratoria de Herederos privó

del tercio de libre disposición a una de las demandantes, cuyos bienes pasaron al patrimonio de los otros herederos, por lo que se trataba de un daño real e inmediato.

Por último, los demandantes plantearon falta de parte indispensable toda vez que la notificación de la desestimación de la Demanda se había notificado únicamente a ellos, sin tomar en consideración que existían otros demandados que aún no estaban bajo la jurisdicción del tribunal y que podrían sufrir daños si se declaraba nulo el Testamento Abierto en controversia.

Evaluados los argumentos, el Tribunal de Primera Instancia denegó el petitorio de los demandantes.

Insatisfechos, los demandantes acudieron al Tribunal de Apelaciones. Mediante Sentencia de 21 de diciembre de 2007 dicho foro intermedio revocó el dictamen del Tribunal de Primera Instancia. En consecuencia, dejó sin efecto la Sentencia Parcial dictada por el Tribunal de Primera Instancia. A su vez, el Tribunal de Apelaciones se expresó sobre otros asuntos que surgían de la petición de *certiorari* incoada. Cabe apuntar que dicho foro apelativo guardó silencio sobre el alcance de revisión judicial bajo el palio de la mencionada Regla 49.2 de Procedimiento Civil, *infra*.

Inconforme, el licenciado Montañez Delerme acude ante nos planteando los siguientes errores:

**Erró el Tribunal de Apelaciones al entender en un procedimiento en el cual carecía de jurisdicción.**

**Erró el Tribunal de Apelaciones al revocar una Sentencia Parcial final y firme emitida por el Tribunal de Primera Instancia.**

Examinado el recurso, expedimos el auto solicitado. Contando con el beneficio de la comparecencia de los demandantes, procedemos a resolver sin trámite ulterior.

**II.**

La Regla 49.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. II, R.49.2, establece el mecanismo procesal que se tiene disponible para solicitarle al foro de instancia el relevo de los efectos de una sentencia cuando esté presente alguno de los fundamentos allí expuestos. *De Jesús Viñas v. González Lugo*, 170 D.P.R. 499, 513 (2007); *Náter v. Ramos*, 162 D.P.R. 616, 624 (2004). Esta regla provee un mecanismo post sentencia para impedir que se vean frustrados los fines de la justicia mediante tecnicismos y sofisticaciones. *Íd.*, *Ortiz Serrano v. Ortiz Díaz*, 106 D.P.R. 445, 449 (1977).

En lo pertinente, dicho precepto reza:

> Mediante moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las siguientes razones:
>
> 1.   Error, inadvertencia, sorpresa, o negligencia
>
> 2.   Descubrimiento de evidencia esencial

3. Fraude, falsa representación u otra conducta impropia de una parte adversa

4. Nulidad de sentencia

5. La sentencia ha sido satisfecha, renunciada o se ha cumplido con ella

6. Cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

32 L.P.R.A. Ap. II R. 49.2

Este precepto procesal civil tiene como fin establecer el justo balance entre dos (2) principios de cardinal importancia en nuestro ordenamiento jurídico. De un lado, el interés de que los casos se resuelvan en los méritos haciendo justicia sustancial. Del otro, que los litigios lleguen a su fin. *Náter v. Ramos*, *supra*; *Municipio de Coamo v. Tribunal Superior*, 99 D.P.R. 932, 936-937 (1971). Véanse, además, J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, San Juan, Publicaciones J.T.S., 2000, T. II, pág. 784; Wright, Miller and Kane, *Federal Practice and Procedure: Federal Rules of Civil Procedure*, St. Paul Minn., West Publishing Co., 1995, Vol. 11, sec. 2857, págs. 256-257.

Para que proceda el relevo de sentencia bajo la Regla 49.2 de Procedimiento Civil, *supra*, es necesario que el peticionario aduzca, al menos, una de las razones enumeradas en esa regla para tal relevo. El peticionario del relevo está obligado a justificar su solicitud amparándose en una de las causales establecidas en la

regla. *Reyes v. E.L.A. et als.*, 155 D.P.R. 799, 809 (2001). Véanse en general, *Dávila v. Hosp. San Miguel, Inc.*, 117 D.P.R. 807, (1986); *Díaz v. Tribunal Superior*, 93 D.P.R. 79 (1966). Ahora bien, relevar a una parte de los efectos de una sentencia es una decisión discrecional, salvo en los casos de nulidad o cuando la sentencia ha sido satisfecha. *Rivera v. Algarín*, 159 D.P.R. 482, 490 (2003); *Garriga Gordils v. Maldonado*, 109 D.P.R. 817, 823-824 (1980); R. Hernández Colón, *Práctica Jurídica de Puerto Rico; Derecho Procesal Civil*, 4ta ed. San Juan, Ed. LexisNexis, 2007, sec. 4803, pág. 352.

Para conceder un remedio contra los efectos de una sentencia, el tribunal debe determinar si bajo las circunstancias específicas del caso existen razones que justifiquen tal concesión. *Olmeda Nazario v. Sueiro Jiménez*, 123 D.P.R. 294, 299 (1989); *Dávila v. Hosp. San Miguel, Inc.*, *supra*. Así, si la parte que solicita el relevo aduce una buena defensa --en adición a alguna de las circunstancias previstas en la Regla 49.2 de Procedimiento Civil, *supra*, ya mencionadas-- y el relevo no ocasiona perjuicio alguno a la parte contraria, el mismo debe ser concedido. De ahí, que como regla general la existencia de una buena defensa debe siempre inclinar la balanza a favor de la reapertura. *Román Cruz v. Díaz Rifas*, 113 D.P.R. 500, 507 (1982); *Fine Art Wallpaper v. Wolff*, 102 D.P.R. 451, 459 (1974).

Hemos expresado, además, que el precepto debe "interpretarse liberalmente y cualquier duda debe resolverse a favor del que solicita que se deje sin efecto una sentencia o anotación de rebeldía, a fin de que el proceso continúe y el caso pueda resolverse en sus méritos". *Íd.*, citando a *Díaz v. Tribunal Superior*, *supra*, pág. 87. Empero, la consabida regla no constituye una llave maestra para reabrir controversias, ni sustituye los recursos de apelación o reconsideración. *Olmeda Nazario v. Sueiro Jiménez*, supra, pág. 299; *Negrón Rivera y Bonilla, Ex parte*, 120 D.P.R. 61, 73 (1987); *Ríos v. Tribunal Superior*, 102 D.P.R. 793, 794 (1974). Es decir, el precepto no está disponible para alegar cuestiones sustantivas que debieron ser planteadas mediante los recursos de reconsideración y apelación.

Este Tribunal ha indicado que una interpretación liberal de la regla permite que se considere una moción de reconsideración como una de relevo de sentencia, aunque haya transcurrido el término para considerar la reconsideración o aun después de que haya advenido final y firme la sentencia, siempre y cuando la referida moción cumpla estrictamente con los requisitos establecidos en dicha regla. *Reyes v. E.L.A. et al.*, *supra*, pág. 810; *Vega Maldonado v. Alicea Huacuz*, 145 D.P.R. 236, 243-244 (1998); *Pagán Navedo v. Rivera Sierra*, 143 D.P.R. 314, 328 (1997). Es decir, una moción de reconsideración que aduzca los fundamentos subsumidos en la

Regla 49.2 de Procedimiento Civil, *supra*, puede ser considerada como una moción de relevo de sentencia, aún si es presentada después de los quince (15) días. R. Hernández Colón, *op. cit.*, sec. 4801, pág. 351.

En el caso de autos la moción solicitando el relevo de la sentencia presentada por la parte demandante se instó a base de los remedios provistos por los incisos primero (1) y cuarto (4) de la Regla 49.2 de Procedimiento Civil, *supra*. Por tal razón, debemos discutir la normativa que regenta la petición de relevo de sentencia bajo esos incisos.

Cuando se solicita el remedio provisto por el inciso (1) de la Regla 49.2 de Procedimiento Civil, *supra*, no es suficiente alegar que la omisión que dio lugar a que se dictase la sentencia se debió a error, inadvertencia, sorpresa o negligencia excusable. Hay que indicar los hechos y causas específicas que constituyen la justificación de la omisión. *Díaz v. Tribunal Superior*, *supra*, pág. 89. Así, el promovente debe demostrar mediante preponderancia de prueba los hechos que justifican la moción. *Olmeda Nazario v. Sueiro Jiménez*, *supra*, pág. 300.

Además de la demostración de error, inadvertencia, sorpresa o negligencia excusable, también tiene que existir una defensa meritoria. Véanse, J.A. Cuevas Segarra, *op. cit.*, T. II, pág. 791; R. Hernández Colón, *op. cit.*, sec. 4803, pág. 353. Cuando se solicite el

remedio reconocido bajo el inciso en discusión, le corresponde al tribunal hacer un análisis y balance racional y justiciero de todo el expediente del caso para determinar si bajo las circunstancias específicas del caso hubo error, inadvertencia o sorpresa. *Vázquez v. López*, 160 D.P.R. 714, 726 (2003); J.A. Cuevas Segarra, *op. cit.*, T. II, pág. 790.

En cuanto al error como fundamento para la moción de relevo, éste puede ser uno de la parte promovente, de la parte adversa, o del juez, pero debe ser un error extrínseco a la sentencia u orden. R. Hernández Colón, *op. cit.*, sec. 4804, pág. 353. Es necesario que la parte que alega la comisión del error, presente la prueba extrínseca a los autos que lo acredita. *Íd.*

Cabe señalar que la moción de relevo de sentencia no está disponible para **corregir errores de derecho** ni errores de apreciación o valoración de la prueba; estos son fundamentos para reconsideración o apelación pero no para el relevo. R. Hernández Colón, *Práctica Jurídica de Puerto Rico, Derecho Procesal Civil*, 4ta ed., San Juan, P.R., Ed. LexisNexis, 2007, sec. 4804, pág. 353.

Bajo este fundamento, la moción de relevo debe presentarse dentro de un término razonable que en ningún caso exceda los seis (6) meses que para ello dispone la Regla 49.2 de Procedimiento Civil, *supra*. *Piazza v. Isla del Río, Inc.*, 158 D.P.R. 440, 449 (2003). Transcurrido

dicho plazo no puede adjudicarse la solicitud de relevo. *Bco. Santander P.R. v. Fajardo Farms Corp.*, 141 D.P.R. 237, 243 (1996).

Por otro lado, el inciso (4) de la Regla 49.2 de Procedimiento Civil, *supra*, le otorga al Tribunal la facultad de relevar a una parte de los efectos de una sentencia cuando se determine su nulidad. Una sentencia es nula cuando la misma se ha dictado sin jurisdicción o cuando al dictar la misma **se ha quebrantado el debido proceso de ley**. *Figueroa v. Banco de San Juan*, 108 D.P.R. 680, 688 (1979); *Estado Libre Asociado v. Tribunal Superior*, 86 D.P.R. 692, 697-698 (1962); *Rodríguez Figueroa v. Registrador de la Propiedad*, 75 D.P.R. 712, 718 (1953). Véanse, R. Hernández Colón, *op. cit.* sec. 4807, pág. 354; J.A. Cuevas Segarra, *op. cit.*, T. II, págs. 795-796. Véanse, además, *Hoult v. Hoult*, 57 F3d. 1, 6 (1995); *In re: Hunter*, 66 F3d. 1002, 1005 (1995).[5]

Es importante destacar, que bajo este fundamento no hay margen de discreción como si lo hay bajo los otros fundamentos de la Regla 49.2 de Procedimiento Civil, *supra*; si una sentencia es nula, tiene que dejarse sin efecto independientemente de los méritos que pueda tener

---

[5] Véanse también, J.W. Moore, *Moore´s Federal Practice*, 3ra ed., San Francisco, LexisNexis, 2009, Vol. 12, sec. 60.44(1)(b), pág. 60-150; T.A. Coyne, *Federal Rules of Civil Procedure*, 2da ed., Minnesota, West Group, 2000, sec. VII-74; H.A. Kooman, *Federal Civil Practice*, Atlanta, The Harrison Company Pub., 1975, Vol. 4, sec. 60.06, pág. 246, al discutir la Regla Federal de Procedimiento Civil 60(b)(4) que es análoga a nuestra Regla de Procedimiento Civil 49.2(4), *supra*.

la defensa o la reclamación del perjudicado.[6] R. Hernández

Colón, *op. cit.*, sec. 4807, pág. 355; Wright, Miller and

Kane, *op. cit.*, Vol. 11, sec. 2862, pág. 322.  Sobre el

particular ha manifestado este Tribunal que:

> ...la discreción que tiene un tribunal, al
> amparo de las disposiciones de la referida Regla
> 49.2 de Procedimiento Civil, para relevar a una
> parte de los efectos de una sentencia resulta
> inaplicable cuando se trata de una sentencia que
> es "nula"; si es nula, no hay discreción para el
> relevo, hay obligación de decretarla nula.[7]
> (Citas omitidas).

> Es inescapable la conclusión, en consecuencia,
> que ante la certeza de nulidad de una sentencia,
> resulta *mandatorio* declarar su inexistencia
> jurídica; ello independientemente del hecho de
> que la solicitud a tales efectos se haga con
> posterioridad a haber expirado el plazo de seis
> (6) meses establecido en la antes citada Regla
> 49.2 de Procedimiento Civil.[8] *Montañez v. Policía
> de Puerto Rico*, 150 D.P.R. 917, 921-922 (2000).
> Véanse, *Bco. Santander P.R. v. Fajardo Farms
> Corp.*, 141 D.P.R. 237, [243-244] (1996);
> *Figueroa v. Banco de San Juan*, 108 D.P.R. 680,
> [689] (1979). Véase, además, H.A. Kooman, *op.
> cit.*, sec. 60.6, págs. 246-247.

En cuanto al fundamento de nulidad de sentencia por

violación del debido proceso de ley, el Profesor de

Derecho Rafael Hernández Colón, apunta que "pueden haber

tantas manifestaciones del mismo como principios del

debido proceso existen y que se hayan quebrantado en un

---

[6] Destaca el autor Harold A. Kooman en su obra *Federal Civil Practice*, que: "An important distinction must be kept in mind in considering the voidness of a judgment as a ground for relief. A void judgment is theoretically no judgment at all, is legally ineffective, and creates no rights or obligations". H.A. Kooman, *op. cit.*, sec. 60.06, pág. 246.

[7] Véase, J.W. Moore, *op. cit.*, Vol. 12, sec. 60.44(5)(a), págs. 60-163

caso en especial". R. Hernández Colón, *op. cit.*, sec. 4807, pág. 355. En similares términos se expresa el procesalista James William Moore al señalar: "[t]here is no theoretical limit to the possibilities that a judgment could be void because a court […] has acted in a manner inconsistent with due process of law". J.W. Moore, *op. cit.*, Vol. 12, sec. 60.44(4), pág. 60-161.

**III.**

El licenciado Montañez Delerme arguye que la parte demandante no apeló la Sentencia Parcial emitida por el Tribunal de Primera Instancia dentro del término jurisdiccional de treinta (30) días establecido por el ordenamiento jurídico. Argumenta que el Tribunal de Apelaciones no contaba con jurisdicción para entender en el recurso por la Sentencia haber advenido final y firme sin ser apelable. Del análisis de su argumentación podemos colegir que el licenciado Montañez Delerme hace referencia a lo apuntado reiteradamente por este Foro a efectos de que una moción al amparo de la Regla 49.2 de Procedimiento Civil, *supra*, no sustituye los recursos de apelación o reconsideración. *Olmeda Nazario v. Sueiro Jiménez*, *supra.*

De un análisis del tracto procesal del caso de autos, se desprende que la Sentencia apelada fue emitida el 19 de octubre de 2006, notificada el 30 de octubre de 2006. El 27 de noviembre de 2006, transcurrido el término jurisdiccional de quince (15) días para instar una

solicitud de reconsideración al amparo de la Regla 47 de Procedimiento Civil, *supra*,[9] los demandantes presentaron un escrito intitulado "Regla 49.2 (Inciso 1,4)- Moción para que se Deje Sin Efecto Sentencia Parcial Dictada el 19 de octubre de 2006 y Notificada el 30 de Octubre de 2006".

Como surge de la discusión esbozada en el acápite anterior, el ordenamiento procesal civil dispone de un término de seis (6) meses para la presentación de una moción de relevo de sentencia bajo el inciso (1) ya que como hemos destacado, bajo el inciso (4) dicho plazo no es omnímodo. Al amparo de dicha normativa, los demandantes presentaron su escrito dentro del término estatuido. Además, no fue hasta que el foro de instancia resolvió denegar la petición de relevo de sentencia presentada por los demandantes, que éstos acudieron ante el Tribunal de Apelaciones, mediante recurso de *certiorari*, para que dicho foro revocara la Sentencia Parcial emitida por el tribunal de instancia.[10] Bajo estas circunstancias, el

---

[9] Dicha regla lee, en lo pertinente:

"La parte adversamente afectada por una resolución, orden o sentencia del Tribunal de Primera Instancia podrá, dentro del término de quince (15) días desde la fecha de notificación de la resolución u orden ...presentar una moción de reconsideración de la resolución, orden o sentencia…"

El término de quince (15) días para presentar la solicitud de reconsideración que dispone la citada Regla 47, es un término jurisdiccional. *Vega v. Alicea*, *supra*, pág. 240.

[10] La parte demandante planteó como único error ante el Tribunal de Apelaciones que el foro de instancia erró al no dejar sin efecto la sentencia parcial, a pesar de que los testamentos otorgados por el Lcdo. Montañez Delerme adolecían de defectos que ya le habían ocasionado daños a ciertos herederos. Anejo 1, Apéndice del Recurso de

Tribunal de Apelaciones podía expedir el *certiorari* en el caso de autos.

Sin embargo, la pregunta que el foro apelativo intermedio debía responder[11], y que ahora nos corresponde dilucidar, es si la moción de relevo de Sentencia justificaba la concesión del relevo bajo el inciso primero (1) o cuarto (4) de la Regla 49.2 de Procedimiento Civil, *supra*, conforme peticionado por los demandantes.

Como hemos visto, el Tribunal de Primera Instancia debía evaluar el petitorio de los demandantes asegurándose que éstos adujeran al tribunal al menos una de las razones enumeradas en la Regla 49.2 de Procedimiento Civil, *supra*. Esto es, los demandantes tenían el deber de justificar su solicitud amparándose necesariamente en una de las razones

---

*Certiorari* ante nos por parte del peticionario, Sentencia del Tribunal de Apelaciones, 4 enero de 2008, pág. 7.

[11] Cabe señalar, que el Tribunal de Apelaciones omitió discutir en su Sentencia si la moción de relevo de sentencia era o no procedente a base de alguna de las circunstancias aducidas por la parte demandante, según comprendidas en la Regla 49.2 de las Reglas de Procedimiento Civil, *supra*. *A contrario sensu*, dicho foro evaluó la controversia desde el crisol de una moción de desestimación, planteando, *inter alia*, que la controversia se limitaba a evaluar si el Tribunal de Primera Instancia actuó correctamente al desestimar la demanda contra el notario según los hechos específicos del caso alegados en la demanda.

En alzada la revisión no va dirigida a la sentencia que puede ser ejecutada; versa sobre la facultad discrecional del juez de instancia al conceder o denegar una solicitud post-sentencia. Esto es, el Tribunal de Apelaciones en su función revisora debía determinar si la magistrada de instancia había abusado o no de su discreción al denegar el petitorio de la parte demandante. En ese sentido, el foro apelativo intermedio hizo abstracción de que la única cuestión a resolver era si la parte promovente satisfacía los requisitos estatutarios y jurisprudenciales de la Regla 49.2 de Procedimiento Civil, *supra*. Al así actuar, se sumergió en la discusión de los méritos del caso, desviándose del sesgo que debía seguir dentro de su función revisora.

dispuestas en el citado precepto. *Díaz v. Tribunal Superior*, *supra*; *Dávila v. Hosp. San Miguel, Inc.*, *supra*.

*A priori*, de una lectura de la moción de relevo de sentencia presentada por la parte demandante, y en relación al inciso (1) de la Regla 49.2 de Procedimiento Civil, *supra*, no surge ninguna de las instancias que hubieran permitido al Tribunal de Primera Instancia acoger los planteamientos de los demandantes para ser evaluados bajo el crisol de dicho inciso. O sea, el escrito guarda silencio respecto a que hechos dieron origen a error, sorpresa o negligencia excusable.

Aún si concluyéramos que el foro de instancia cometió un error al dictaminar su Sentencia, se trataría de un error de derecho que no da margen al relevo. Esto es así, porque lo que está en discusión con relación a la susodicha Sentencia, es si el licenciado Montañez Delerme es parte indispensable en la acción de sentencia declaratoria incoada por los demandantes.[12] Es decir, se trata de un error intrínseco y no extrínseco a la Sentencia. Por eso, entendemos que el Tribunal de Primera Instancia no incidió al denegar el petitorio de los demandantes bajo el crisol del inciso (1) de la Regla 49.2 de Procedimiento Civil, *supra*.

---

[12] Recordamos que dicha acción busca que el foro de instancia determine si el testamento autorizado por el licenciado Montañez Delerme es nulo para que de ser así, le reserve la acción que establece el Art. 655 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 2192, concerniente a la responsabilidad del notario cuando se declara nulo un testamento que éste ha autorizado.

Ahora bien, como ya señalamos previamente, surge del escrito en controversia que el petitorio también se realizó al amparo del inciso (4) de la Regla 49.2 de Procedimiento Civil, *supra*, a saber, nulidad de la Sentencia. Nuevamente, del escrito surge como planteamiento medular, que el licenciado Montañez Delerme es parte indispensable en el pleito de autos por lo que si no es incluido como tal, ello acarrearía la nulidad de la Sentencia. A tales efectos, se arguye que "[c]ualquier sentencia que se dicte contra [la] nulidad [del] testamento y cualquier sentencia que se dicte contra el fiador del Lcdo Emilio A. Montañez Delerme, que está emplazado y es responsable de los daños que producen estos testamentos, no tiene jurisdicción el Honorable Tribunal si [dicha] parte no está presente". Exhibit V, Apéndice del Alegato de la parte recurrida, "Regla 49.2 (inciso 1, 4) Moción para que se deje sin efecto Sentencia Parcial dictada el 19 de octubre de 2006 y notificada el 30 de octubre de 2006", pág. 19.

Es innegable pues, la injerencia que tiene la figura jurídica de "parte indispensable" en el presente recurso. En ese sentido, debemos auscultar si la ausencia de una parte indispensable hace asequible relevar una sentencia por razón de nulidad. De concluir en la afirmativa, debemos resolver si en el caso de autos, el licenciado Montañez Delerme es una parte indispensable conforme la

acción de Sentencia Declaratoria y Nulidad de Testamento esbozada en la demanda.

**IV.**

**A.**

La Regla 16.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, ofrece la connotación de lo que es una parte indispensable, disponiendo que se trata de aquella persona que tiene "un interés en común sin cuya presencia no pueda adjudicarse la controversia". *Íd.; Deliz et als. v. Igartúa et als.*, 158 D.P.R. 403, 432 (2003). Estas personas se harán partes y se acumularán como demandantes o demandadas según corresponda; si una persona que deba unirse como demandante rehusare hacerlo, se podrá unir como demandada. Regla 16.1 de Procedimiento Civil, *supra*.

En términos más concretos, una parte indispensable es aquella de la cual no se puede prescindir y cuyo interés en la cuestión es de tal magnitud, que no puede dictarse un decreto final entre las otras partes sin lesionar y afectar radicalmente sus derechos. *Deliz et als. v. Igartúa et als.*, *supra*, pág. 433; *Sánchez v. Sánchez*, 154 D.P.R. 645, 678 (2001); *Rodríguez Rodríguez v. Moreno Rodríguez*, 135 D.P.R. 623, 627 (1994). Véase, R. Hernández Colón, *op. cit.*, sec. 1202, pág. 135. Por tal, los intereses de esa parte "podrían quedar destruidos o inevitablemente afectados por una sentencia dictada estando esa persona ausente del litigio". *Fuentes v.*

*Tribunal de Distrito*, 73 D.P.R. 959, 981 (1952). Por eso, el interés común al que hace referencia la susodicha Regla 16.1 de Procedimiento Civil, *supra*, "no es cualquier interés en el pleito, sino que tiene que ser de tal orden que impida producir un decreto sin afectarlo". *Romero v. S.L.G. Reyes*, 164 D.P.R. 721, 733 (2005). Véase, además, Cuevas Segarra, *op. cit.*, T. I, pág. 369. Ese interés común tiene que ser también, uno real e inmediato. *Romero v. S.L.G. Reyes*, *supra*; R. Hernández Colón, *op. cit.*, sec. 1203, pág. 136. No puede tratarse de meras especulaciones o de un interés futuro. *Deliz et als. v. Igartúa et als.*, *supra*, pág. 435.

Cabe destacar, que la interpretación adoptada por este Tribunal para determinar quién es una parte indispensable, tiene un alcance restringido. Así, hemos precisado --al interpretar la frase 'sin cuya presencia no pueda adjudicarse la controversia'-- que "excepto en aquellas circunstancias en las que la adjudicación sin la persona ausente tendría un efecto perjudicial sobre el interés real e inmediato que ésta tiene en el pleito, en raras ocasiones será imposible resolver la controversia sin su presencia". *Mun. de Ponce v. A.C. et als*, 153 D.P.R. 1, 16 (2000).

Cónsono con lo anterior, la exégesis de la Regla 16.1 de Procedimiento Civil, *supra*, y por consiguiente, la determinación de si una parte es o no indispensable,

requiere de un enfoque pragmático. *Romero v. S.L.G.*, *supra*, pág. 732; *Deliz et als. v. Igartúa et als.*, *supra*, pág. 434. Véanse, J.A. Cuevas Segarra, *op. cit.*, pág. 372; Wright, Miller and Kane[13], *op. cit.*, Vol. 7, sec. 1601, pág. 12. Se requiere una evaluación individual a la luz de las circunstancias particulares presentes en cada caso, y no la utilización de una fórmula con pretensiones omnímodas. *Romero v. S.L.G.*, *supra*.

La teleología de esta regla es proteger a la persona que no está presente de los efectos legales de la sentencia y evitar la multiplicidad de los pleitos mediante un remedio efectivo y completo. *Rodríguez Rodríguez v. Moreno Rodríguez*, *supra*, pág. 627; *Granados Navedo v. Rodríguez Estrada II*, 124 D.P.R. 593, 605 (1989); *Hernández Agosto v. Romero Barceló*, 112 D.P.R. 407, 412-413 (1982). Asimismo, la falta de parte indispensable es un planteamiento que se puede levantar por vez primera a nivel apelativo y que el foro en alzada puede *sua sponte* considerarlo debido a que en ausencia de parte indispensable el tribunal carece de jurisdicción sobre la persona. *Romero v. S.L.G.*, *supra*, pág. 733. Véanse, *In re: Vélez Báez*, 2009 T.S.P.R. 123, res. el 23 de junio de 2009, 2009 J.T.S.___. Por tal, **la sentencia que se emita en ausencia de parte indispensable es nula.**

---

[13] Los comentarios expuestos por estos tratadistas tienen fuerza persuasiva debido a que se basan en la interpretación de la Regla 19.1 de Procedimiento Civil Federal, que es de la cual emana nuestra Regla 16.1 de Procedimiento Civil, *supra*.

*Unysis P.R., Inc. v. Ramallo Brother Printing, Inc.*, 128 D.P.R. 842, 859 (1991); *Granados v. Rodríguez Estrada II*, *supra*, pág. 603; R. Hernández Colón, *op. cit.*, sec. 1202, pág. 135.

Además, el omitir traer una parte indispensable al pleito acarrea una violación al debido proceso de ley que la cobija. *Romero v. S.L.G.*, *supra*, pág. 733; *Deliz et als. v. Igartúa et als.*, *supra*, pág. 435. Por eso, si la parte es indispensable, dicha parte tiene que ser traída al pleito por la parte demandante porque la omisión de así hacerlo constituye una violación del debido proceso de ley. *Granados Navedo v. Rodríguez Estrada*, *supra*, pág. 603. En efecto, la Regla 16.1 de Procedimiento Civil, *supra*, se fundamenta en la protección constitucional que impide que una persona sea privada de su libertad o propiedad sin el debido proceso de ley. *Carrero Suárez v. Sánchez López*, 103 D.P.R. 77, 81-82 (1974); *Cepeda v. García*, 132 D.P.R. 698, 705 (1993). Como apunta el tratadista José A. Cuevas Segarra, "[e]sta regla entronca con la cláusula constitucional sobre debido procedimiento de ley". J.A. Cuevas Segarra, *op. cit.*, pág. 369. Así también se ha reconocido en la jurisdicción federal. Véase, *Britton v. Green*, 325 F.2d 377, 382 (1963). Véase, además, Wright, Miller and Kane, *op. cit.*, Vol.7, sec. 1602, págs. 22-23.

Es indubitado pues, que el mecanismo procesal de relevo de sentencia está disponible cuando dicha sentencia se ha dictado en ausencia de una parte indispensable. Dicho razonamiento es cónsono con la normativa proyectada, ya que por un lado, la omisión de una parte indispensable repercute en el resquebrajamiento del debido proceso de ley que al fin y al cabo es un derecho fundamental tutelado por nuestra Constitución. Al tratarse de la violación de un derecho constitucional, el relevo de sentencia se justifica por razón de nulidad de la sentencia. Además, como ya expresamos, una sentencia que se dicte sin una parte indispensable, hace que el tribunal que la dictó carezca de jurisdicción sobre la persona, tornando la sentencia en una nula, permitiendo utilizar el vehículo procesal del relevo de sentencia para cuestionar la determinación del foro sentenciador. Véase, *Vázquez v. López*, *supra*, pág. 724.

Habiendo concluido de tal manera, nos resta determinar si el licenciado Montañez Delerme, conforme a los hechos particulares del caso de autos, es una parte indispensable en la acción interpuesta por los demandantes sobre sentencia declaratoria y nulidad del testamento. Solo después de ese análisis podremos determinar si la moción de relevo de sentencia, bajo el fundamento de nulidad de sentencia, debe o no concederse.

**B.**

Ciertamente, el notario es un custodio de la fe pública notarial que le imparte veracidad, autenticidad y legalidad a los instrumentos públicos y notariales que autoriza. *Romero v. S.L.G. Reyes*, *supra*, pág. 734. Por tal razón, un notario al autorizar un documento, presuntivamente da fe pública y asegura que ese documento cumple con todas las formalidades que exige la ley (sean de forma o sustantivas), que el documento es legal y verdadero, y que se trata de una transacción válida y legítima. *In re González Maldonado*, 152 D.P.R. 871, 895 (2000); *In re Feliciano Ruiz*, 117 D.P.R. 269, 275 (1986). Véase, C.R. Urrutia de Basora y L.M. Negrón Portillo, *Curso de Derecho Notarial Puertorriqueño*, 3ra ed., Puerto Rico, Ed. Situm, 2005, pág. 84.

A su vez, el abogado notario, en el desempeño de su gestión notarial, está obligado a cumplir con los deberes que le impone la propia ley, los Cánones de Ética Profesional y el contrato entre las partes; la inobservancia de esos deberes expone al notario a una posible acción en daños por los perjuicios causados y a la jurisdicción correctiva y disciplinaria de este Foro. *In re Cruz Tollinche*, 114 D.P.R. 205, 207 (1983). La responsabilidad civil del notario por los daños que cause la violación de los deberes notariales se extiende a terceros que hayan sufrido daños a consecuencia de las

acciones del notario ya sea en su función de asesoramiento y de instrumentar el documento. *Romero v. S.L.G. Reyes*, *supra*, págs. 734-735.

Por otro lado, sabido es que la acción para que se declare nulo un testamento abierto, es de la incumbencia exclusiva de los tribunales. Nótese, que el Art. 636 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 2152, dispone que un testamento será nulo si no se observan las formalidades que para su cumplimiento exige la ley y sobre ello, este Tribunal ha sostenido que "la apreciación de si en un testamento se han cumplido o no las formalidades legales, es materia que incumbe a los tribunales". *In re López Toro*, 146 D.P.R. 756, 771 (1998); *Paz v. Fernández*, 76 D.P.R. 742, 752 (1954). Nótese, que el propio Art. 655 del Código Civil de Puerto Rico, *supra*, reconoce que el testamento abierto tiene que ser declarado nulo, cuando no se observan las solemnidades establecidas, antes de que se pueda llevar una acción civil en contra del notario autorizante. Es decir, dicho articulado reconoce en primer lugar, que es el tribunal el facultado a declarar nulo un testamento, y en segundo lugar, que existe una prelación entre la acción de nulidad testamentaria y la acción civil que se desee llevar en contra de un notario por los perjuicios que haya ocasionado si su falta procediere de malicia, negligencia o ignorancia inexcusable.

En ese sentido, nuestro ordenamiento jurídico reconoce que todo documento público goza de una presunción de legalidad y veracidad que debe ser rebatida por quién impugne la validez de dicho documento. *Deliz et als. v. Igartúa et als.*, *supra*, n. 17 pág. 437. Por eso, no es necesario que el notario autorizante comparezca a probar esa misma legalidad y certeza. Es sobre quien impugna la validez de ese documento que recae el peso de la prueba ya que en ausencia de evidencia en contrario, dicha presunción prevalecería. *Íd.*

En el pasado, este Tribunal tuvo la oportunidad de enfrentarse a un caso que planteaba una controversia similar a la aquí presente. Dicho caso fue el de *Deliz et als. v. Igartúa et als.*, *supra*. En tal precedente, una de las cuestiones a resolver (al igual que en presente caso) era, si "el notario autorizante de un documento impugnado [testamento] debe ser parte indispensable en el procedimiento en que se cuestione la validez de dicho documento". *Íd.*, pág. 432. En dicho caso, el notario en cuestión no cumplió con ciertas formalidades de fondo exigidas por el ordenamiento jurídico para la validez de un testamento.[14] Allí, este Tribunal resolvió en lo

---

[14] El incumplimiento del notario consistió en no dar fe de conocer personalmente a la testadora. Allí este Tribunal resolvió que la omisión de dicho requerimiento es una formalidad de fondo cuya omisión no podía ser subsanada mediante la presentación de prueba extrínseca. Además, como en dicho caso tampoco se cumplió con las solemnidades exigidas para el método supletorio de identificación, se sostuvo la nulidad del testamento.

pertinente, que en un pleito en que se impugne la validez de un testamento otorgado ante notario, este último no es parte indispensable por razón de que el posible perjuicio o lesión que pueda sufrir no es real e inmediato. *Íd.*, pág. 438.

El *ratio decidendi* empleado por este Tribunal para llegar a esa conclusión, fue que en cualquier caso de esa naturaleza, en que se decrete la nulidad de un testamento otorgado ante notario, dicha determinación no conllevaría obligatoriamente perjuicio para el notario. Esto debido a que el perjudicado por la determinación judicial, podría no presentar acción judicial en daños y perjuicios contra el notario y **aún si lo hiciere, dicho perjudicado tendría que demostrar que la falta en que incurrió el notario provino de su malicia o negligencia o ignorancia excusable** conforme el Art. 655 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 2192.[15] Así, el posible perjuicio o la lesión del notario, son contingentes a que en el futuro ocurran una serie de eventos y circunstancias que, necesariamente no tienen que darse. *Íd.*, págs. 436-438.

---

[15] Dicho artículo dispone que: "[d]eclarado nulo un testamento abierto, por no haberse observado las solemnidades establecidas para cada caso, el notario que lo haya autorizado será responsable de los daños y perjuicios que sobrevengan, si la falta procediere de su malicia o de negligencia o ignorancia inexcusables". Art. 655 del Código Civil de Puerto Rico, *supra*.

*A posteriori*, lo sostenido en *Deliz et als. v. Igartúa et als.*, *supra*, fue ratificado en *Romero v. S.L.G. Reyes*.[16] Allí este Foro expuso:

> ...El notario autorizante no se verá privado de su derecho al debido proceso de ley por no ser parte en la acción para anular [un] contrato, ya que su interés aún no se ha concretado y depende, por el contrario, de un sinnúmero de factores que podrán manifestarse, si acaso, luego de ser final y firme la anulación del contrato por simulación. Incluso, de presentarse una acción disciplinaria o una acción civil contra el notario a raíz de esa determinación, habrá que dilucidar si éste es responsable conforme a la normativa aplicable. Por lo tanto, en el caso de autos el notario no constituye una parte sin cuya presencia 'no pueda dictarse un decreto final entre las otras partes sin lesionar y afectar radicalmente sus derechos'. (Citas omitidas) *Íd.*, pág. 736.

Por su parte, en el caso de autos el documento impugnado ante el tribunal es un testamento autorizado por un notario. Asimismo, se alega como razón de nulidad el incumplimiento de una formalidad para la validez del testamento.[17] La única diferencia que podemos destacar entre el caso ante nuestra consideración y el de *Deliz et als. v. Igartúa et als.*, *supra*, es que en éste, se

---

[16] En *Romero v. S.L.G. Reyes*, *supra*, se trataba de una acción dirigida a anular un contrato de compraventa simulado, autorizado por un notario. La parte peticionaria adujo que el notario autorizante de la escritura de compraventa era parte indispensable.

[17] En el caso de autos la razón de nulidad consiste en que el Notario Montañez Delerme no hizo constar en el testamento que conocía personalmente a los testigos instrumentales.

incluyeron aseveraciones en la demanda que imputaban negligencia al licenciado Montañez Delerme.[18]

Alegaron los demandantes, que el licenciado Montañez Delerme no cuestionó la calificación registral que hizo el Registrador de la Propiedad luego de que éste se negara a inscribir el testamento del señor Efraín Rodríguez García. Señalan que, en su lugar, sin considerar las consecuencias para algunos de los herederos voluntarios, el licenciado Montañez Delerme decidió obtener la Declaratoria de Herederos del causante Rodríguez García. De esa manera, afectó, al menos, a la demandante (recurrida) Helga del Valle Torres, toda vez que la privó del tercio de libre disposición que Rodríguez García le había dejado en su testamento. Es decir, que existía un daño real y concreto en contra de Helga del Valle Torres. Además, los demandantes le peticionaron al foro de instancia que le reservara una acción en daños y perjuicios en contra del licenciado Montañez Delerme, a base del Art. 655 del Código Civil de Puerto Rico, *supra*, de dicho foro determinar que el testamento era nulo.

No obstante lo anterior, es relevante destacar que en el caso *sub judice* la acción incoada por los demandantes (que atañe a la controversia ante nuestra consideración),

---

[18] En *Deliz et als. v. Igartúa et als.*, *supra*, no existía en la demanda alegación alguna en contra del notario. De hecho, los peticionarios en ese caso no tenían una causa de acción contra el notario autorizante por no ser ellos parte perjudicada de su gestión profesional.

buscaba específicamente que el Tribunal de Primera Instancia decretara la nulidad del testamento autorizado por el licenciado Montañez Delerme debido a que éste no hizo constar que conocía personalmente a los testigos instrumentales. Siendo la acción una que persigue el que se anule un testamento, no vemos cómo pueda haber alguna diferencia entre lo que este Tribunal ha resuelto sobre la acumulación de un notario como parte indispensable cuando se impugna la validez de un testamento o documento público, y la controversia ante nuestra consideración.[19]

Como ya mencionamos, la doctrina de parte indispensable se enfoca en el interés real e inmediato que pueda tener esa parte en la controversia y que pueda verse afectado si no se le permite participar en el pleito. Por ende, el interés a considerar y así considerado en el caso de autos, fue el del licenciado Montañez Delerme. Luego de tal consideración, somos del criterio de que el licenciado

---

[19] Nótese, que aunque el licenciado Montañez Delerme instó una solicitud de Declaratoria de Herederos, sobre la cual se emitió una Resolución por el tribunal que tuvo el efecto de privar del tercio de libre disposición a la recurrida Helga del Valle Torres, la acción pertinente incoada por la parte demandante lo que pretende es que el testamento que autorizó el licenciado Montañez Delerme sea declarado nulo por el Tribunal de Primera Instancia. Es decir, la cuestión a resolver se reduce a auscultar si el licenciado Montañez Delerme es o no parte indispensable en el pleito de nulidad del testamento. Es sobre ese pleito que nos corresponde pasar juicio en torno a su indispensabilidad. De ahí, que la interrogante de si el notario actuó o no correctamente al solicitar la Declaratoria de Herederos es un asunto independiente al recurso ante nuestra consideración. Por ende, no vemos la necesidad de apartarnos de lo resuelto por este Tribunal en *Romero v. S.L.G. Reyes*, *supra*, y *Deliz et als. v. Igartúa et als.*, *supra*, donde como bien vimos, se trataba de acciones que buscaban anular un documento público.

Montañez Delerme no es parte indispensable en la acción para anular el testamento que autorizó. Su interés en dicha controversia no es real ni inmediato, sino uno contingente a la consecuencia de la acción instada. Su interés no se ha concretado y depende de distintos factores que podrían materializarse luego de ser final y firme la anulación del testamento. Aún bajo los hechos de este caso, en que es palmario que la parte demandante desea reservar una acción civil en contra del licenciado Montañez Delerme, todavía tendría que dilucidarse por el tribunal si la falta cometida por éste provino de su malicia, negligencia o ignorancia inexcusable. Es decir, todavía es incierto si el licenciado Montañez Delerme viene obligado a responder civilmente por su actuación. Abona a esa incertidumbre el hecho de que este Tribunal en el caso de *Sucn. Caragol v. Registrador*, res. el 26 de junio de 2008, 174 D.P.R.\_\_\_ (2008), 2008 T.S.P.R. 112, 2008 J.T.S. 132, ya resolvió que un notario no tiene la obligación de hacer constar en un testamento que conoce a los testigos instrumentales y mucho menos tiene que dar fe expresa sobre dicho conocimiento. Su identificación se reduce a la constancia de su nombre y circunstancias personales, según sus dichos. *Íd.* Eso significa que los fundamentos esbozados por los demandantes procurando la anulación del testamento en cuestión, se enervan, puesto que sus alegaciones, precisamente apuntan, que el

licenciado Montañez Delerme incurrió en una falta al no dar fe de conocer a los testigos instrumentales.

Es por eso, que en consideración a lo expuesto, resolvemos que el licenciado Montañez Delerme no es parte indispensable en la acción de sentencia declaratoria y nulidad de testamento instada por los demandantes. Como corolario, la Sentencia dictaminada por el foro de instancia no infringió el debido proceso de ley del peticionario, por lo que no procede la moción de relevo de sentencia solicitada por los demandantes.

**V.**

Por los fundamentos expuestos, se revoca la Sentencia recurrida emitida por el Tribunal de Apelaciones y se reinstala la Sentencia Parcial del Tribunal de Primera Instancia que desestimó la demanda en contra del licenciado Montañez Delerme. Por tanto, devolvemos el caso al Tribunal de Primera Instancia para la continuación de los procedimientos de conformidad a lo aquí resuelto.

Se dictará Sentencia de conformidad.

Mildred G. Pabón Charneco
Jueza Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Mercedes García Colón, et al                              *Certiorari*

      Recurridos

        v.

                          CC-2008-0130

Sucesión de Gabriel González
Couvertier, et al

      Peticionario

SENTENCIA

San Juan, Puerto Rico a 11 de marzo de 2010.

     Por los fundamentos expuestos, se revoca la Sentencia recurrida emitida por el Tribunal de Apelaciones y se reinstala la Sentencia Parcial del Tribunal de Primera Instancia que desestimó la demanda en contra del licenciado Montañez Delerme. Por tanto, devolvemos el caso al Tribunal de Primera Instancia para la continuación de los procedimientos de conformidad a lo aquí resuelto.

     Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez emite opinión concurrente a la que se une el Juez Presidente señor Hernández Denton. La Jueza Asociada señora Fiol Matta concurre sin opinión escrita.

                    Aida Ileana Oquendo Graulau
                    Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Mercedes García Colón, *et al*

    Recurridos

      v.                        CC-2008-130

Sucesión de Gabriel González Couvertier, *et al*

    Peticionaria

Opinión concurrente emitida por la Juez Asociada señora Rodríguez Rodríguez a la que se le une el Juez Presidente señor Hernández Denton

San Juan, Puerto Rico, a 11 de marzo de 2010

       Concurro con el resultado a que llega este Tribunal en la Opinión que hoy se certifica, pero considero que el análisis que esboza es producto de una delimitación errónea de la controversia ante nuestra consideración. Además, soy del criterio que los hechos en este caso pudieron resolverse apropiadamente a través de una sentencia. Lo único que teníamos ante nuestra consideración era si procedía conceder o denegar la moción de relevo de sentencia que presentó ante el foro primario la parte demandante. La Opinión del Tribunal, no obstante, se adentra a examinar "si una sentencia

que se alega es nula por falta de parte indispensable, puede justificar el que se releve una sentencia bajo la Regla 49.2 de Procedimiento Civil". Como veremos a continuación, dicha controversia es creada por el propio Tribunal, pues no existe problema alguno de ausencia de parte en la sentencia cuyo relevo se solicita.

I.

Los hechos pertinentes a la controversia ante nuestra consideración son relativamente sencillos. La Sra. Mercedes García Colón y la Sucesión del Sr. Efraín Rodríguez García, representada por sus miembros, presentaron una demanda contra la Sucesión del Sr. Gabriel González Couvertier, representada por sus miembros y contra el Lcdo. Emilio A. Montañez Delerme. Alegaron, entre otras reclamaciones, que los testamentos autorizados por el Lcdo. Montañez Delerme eran nulos puesto que dicho Notario no dio fe de conocer personalmente a los testigos instrumentales. El Lcdo. Montañez Delerme presentó una moción de desestimación. Arguyó que, según la jurisprudencia de este Tribunal,[20] el Notario autorizante de un testamento no era parte indispensable en una acción en la cual se cuestione la validez de éste. El Tribunal de Primera Instancia acogió los argumentos del Lcdo. Montañez Delerme y, el 19 de octubre de 2006, emitió una sentencia parcial desestimando la acción que pendía en su contra.[21]

---

[20] *Deliz Muñoz v. Igartúa Muñoz*, 158 D.P.R. 403 (2003); *Romero v. S.L.G. Reyes*, 164 D.P.R. 721 (2005).
[21] No emito juicio sobre la corrección de dicha desestimación. No obstante, *véanse* Reglas 14.1, 14.2 y 17.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III R. 14.1,

Los demandantes, en lugar de recurrir de dicha sentencia parcial al Tribunal de Apelaciones, presentaron una solicitud de relevo de sentencia ante el foro de instancia bajo la Regla 49.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 49.2. El Tribunal de Primera Instancia, correctamente, denegó dicha petición, pues no se configuraban ninguno de los fundamentos expuestos en la regla para relevar una sentencia. Además, la petición de relevo de sentencia en este caso se trataba, a todas luces, de una sustitución de los procedimientos apelativos correspondientes, mediante la presentación de una moción bajo la regla 49.2, lo cual no procede según hemos expresado anteriormente. *Véase Reyes Díaz v. E.L.A.*, 155 D.P.R. 799, 810 (2001); *Pagán v. Alcalde Mun. de Cataño*, 143 D.P.R. 314, 327 (1997). Sin embargo, el Tribunal de Apelaciones, al revisar dicha determinación, revocó al foro de instancia. El foro intermedio se adentró en la controversia sobre la corrección de la desestimación de la demanda en contra del Lcdo. Montañez Delerme y no atendió el asunto que realmente tenía ante su consideración, esto es, si existía alguno de los fundamentos de la regla 49.2 que sustentara el relevo de dicha sentencia parcial.

Por lo tanto, la controversia que teníamos ante nuestra consideración era determinar si había errado el Tribunal de Apelaciones al ordenar el relevo de la sentencia parcial desestimatoria a la luz de los

R. 14.2 & R. 17.1, sobre acumulación de reclamaciones, acumulación de reclamaciones contingentes y acumulación permisible de partes.

fundamentos expuestos en la regla 49.2. La Opinión que emite el Tribunal en el día de hoy, como expresamos anteriormente, más allá de resolver dicha controversia, discute si es posible utilizar la regla 49.2 de relevo de sentencia para relevar una sentencia nula por ausencia de parte indispensable y, si en este caso, el Lcdo. Montañez Delerme era parte indispensable en la acción. El razonamiento de la Opinión, no obstante, soslaya el hecho de que en la sentencia cuyo relevo se solicitó en el Tribunal de Primera Instancia, no hay ausencia de parte indispensable; de hecho, no hay ausencia de parte alguna.

II.

Como sabemos, una parte indispensable es "aquella persona cuyos derechos e intereses podrían quedar destruidos o inevitablemente afectados por una sentencia dictada, **estando esta persona ausente del litigio**". *Pérez Rosa v. Morales Rosado*, res. 28 septiembre de 2007, 2007 TSPR 171, 172 D.P.R. _____ (2007) citando a J. A. Cuevas Segarra, *Tratado de derecho procesal civil*, Tomo I, Puerto Rico, Publicaciones JTS, 2000, pág. 371. (Énfasis suplido). La falta de parte indispensable incide sobre la jurisdicción del Tribunal, y hemos expresado que, reconocida la ausencia de una parte indispensable, debe desestimarse la acción. *Pérez Rosa v. Morales Rosado*, *supra*. Este Tribunal ha expresado en innumerables ocasiones que una sentencia dictada en ausencia de una parte indispensable es nula. *Unisys v. Ramallo Brothers*,

128 D.P.R. 842, 859 (1991); *Granados Navedo v. Rodríguez Estrada*, 124 D.P.R. 593, 603 (1989).

Siguiendo un orden adjudicativo lógico, la pregunta de umbral al examinar la alegada nulidad de una sentencia por falta de parte indispensable es, desde luego, determinar si está ausente alguna parte cuyos intereses puedan verse inevitablemente afectados por dicha sentencia. En el caso de autos, debemos contestar dicha pregunta en la negativa. La sentencia que los demandantes solicitaron relevar fue la sentencia parcial desestimatoria del pleito en contra del Lcdo. Montañez Delerme. Al momento en que se dictó dicha sentencia parcial, no había ausencia de parte alguna en el pleito. Al contrario, el argumento del Lcdo. Montañez Delerme era que éste no era parte indispensable, por lo que debía desestimarse la acción en su contra, como eventualmente lo hizo el foro de instancia. Por lo tanto, es un error de la Opinión entrar a dilucidar si procedía que se relevara la sentencia parcial dictada por ausencia de parte indispensable, pues al dictarse la misma, estaban todas las partes en el pleito, indispensables y permisibles. No se alegó que en la sentencia parcial estuviese ausente alguna de las partes. Igualmente, no existía peligro alguno de que la sentencia parcial dictada por el foro de instancia, solicitada por el mismo Lcdo. Montañez Delerme, le violara el debido proceso a éste como parece entender la mayoría, no porque éste no fuera parte indispensable, sino porque éste no estaba ausente del pleito al momento de dictarse la misma.

No existiendo falta de parte en relación con la sentencia cuyo relevo se solicitó, es superflua toda la discusión que esboza la Opinión sobre parte indispensable y el relevo de una sentencia por nulidad de ésta bajo el inciso cuatro (4) de la regla 49.2 de Procedimiento Civil. El inciso cuatro (4) de la regla 49.2 está diseñado para relevar una sentencia nula por cualquier motivo, siempre que la misma se presente dentro del término fatal de seis (6) meses. *Banco Santander de P.R. v. Fajardo Farms Corp.*, 141 D.P.R. 237 (1996). Siendo nula una sentencia dictada en ausencia de parte indispensable, como expresamos anteriormente, es evidente que, por operación mecánica de las Reglas de Procedimiento Civil, el inciso (4) de la regla 49.2 está disponible para relevar una sentencia con dicho defecto.[22]

Si lo que le preocupaba a la mayoría era el efecto de la desestimación del pleito en contra del Lcdo. Montañez Delerme en la sentencia que eventualmente recaiga en la acción de nulidad de los testamentos, entonces no se trataba de examinar la nulidad de la sentencia parcial desestimatoria por falta de parte indispensable, sino

---

[22] Además, cuando nos enfrentamos a un planteamiento de ausencia de parte indispensable en relación con una controversia que ha sido adjudicada debe determinarse, primeramente, si hubo una parte ausente y si ésta era indispensable para la adjudicación del asunto para luego examinar si determinado mecanismo es adecuado para corregir dicha anomalía. La Opinión del Tribunal realiza un análisis inverso, pues primero resuelve que el mecanismo bajo la regla 49.2 de relevo de sentencia es el adecuado para relevar una sentencia nula, para luego resolver, conforme a la jurisprudencia del Tribunal, que el Lcdo. Montañez Delerme no era parte indispensable.

preguntarse si existía "cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia" según lo establece el inciso seis (6) de la regla 49.2.   Entonces el asunto planteado sería si el mecanismo de la regla 49.2 está disponible para dejar sin efecto una sentencia parcial mediante la cual se excluye del proceso a una parte indispensable.

Así entendida la controversia, el análisis adecuado era examinar, primeramente, si se excluyó a una parte indispensable para luego resolver si la regla 49.2 es el mecanismo adecuado para dejar sin efecto tal determinación. No obstante, puesto que ya este Tribunal, como reconoce la Opinión, ha resuelto que un Notario no es parte indispensable en la acción de nulidad de un testamento que autorice, entonces es forzoso concluir que tampoco existía razón alguna que justificara el relevo de la sentencia parcial.

En suma, soy del criterio que este caso pudo haberse resuelto a través de una sentencia.   Sólo teníamos que revisar la corrección de la determinación del Tribunal de Apelaciones de revocar al Tribunal de Primera Instancia al denegar la moción de relevo.  No existe duda de que el foro de instancia actuó correctamente, pues la presentación del relevo de la sentencia parcial por parte de los demandantes fue utilizada como sustituto de los procedimientos apelativos correspondientes, en abierta contravención con nuestros precedentes y con el espíritu y funcionalidad de la regla 49.2.   El análisis de la mayoría, además de ser

innecesario, es errado a la luz de los fundamentos expuestos anteriormente. No obstante, concurro con el resultado de la Opinión del Tribunal por ser correcto al revocar al Tribunal de Apelaciones.


Anabelle Rodríguez Rodríguez
Juez Asociada