FRANK RODRÍGUEZ GARCÍA ET AL., demandantes y recurrentes, v. TWIN TOWERS CORP. ET AL., demandados y recurridos.

*Número:* R-73-291     *Resuelto:* 31 de mayo de 1974

*Antonio Zapater Cajigas,* abogado de los recurrentes; *José Angel Cangiano, Héctor Lugo Bougal* y *Alfredo J. Mora Mercado,* abogados de los recurridos.

PER CURIAM: Twin Towers Corporation sometió por escritura pública un edificio de 15 pisos al Régimen de Propiedad Horizontal. En dicha escritura se hizo constar que todas las unidades del edificio se utilizarían únicamente para propósitos residenciales y que los dueños no realizarían mo-

dificaciones estructurales en sus unidades sin antes notificar a la Asociación de Condómines.

A pesar de conocer estas restricciones, los corecurridos David J. Vagnetti y Juan F. Rodríguez ocuparon el apartamiento número once instalando una oficina de ingenieros-arquitectos para dar servicio al público y realizaron cambios estructurales en el apartamiento sin notificar debidamente a la Asociación de Condómines. Varios residentes del edificio instaron ante el tribunal de instancia una demanda de *injunction* para impedir estas violaciones a las restricciones aludidas.

El tribunal de instancia a petición de los recurridos desestimó la demanda negándose a darle eficacia a las restricciones. Se basó en que la Junta de Planificación había autorizado el uso del apartamiento residencial como oficina profesional y que no se había demostrado que tal actuación fuera ilegal o inválida, por lo que era de aplicación la prohibición contenida en el Art. 678 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 3524. [1]

■ Reiteradamente hemos resuelto que la mera concesión de un permiso por la Junta de Planificación no tiene el efecto ni el alcance de anular restricciones privadas que resulten inconsistentes con el permiso concedido. *Colón* v. *San Patricio Corporation*, 81 D.P.R. 242, 267 (1959); *Pérez* v. *Pagán*, 79 D.P.R. 195 (1956).

---

[1] El Art. 678 del Código de Enjuiciamiento Civil dispone en lo pertinente:

"No podrá otorgarse un *injunction* ni una orden de entredicho:

. . . . . . . .

3. Para impedir la aplicación u observancia de cualquier ley de la Asamblea Legislativa de Puerto Rico, o el cumplimiento de cualquier actuación autorizada por ley de la Asamblea Legislativa de Puerto Rico, de un funcionario público, de una corporación pública, o de una agencia pública, o de cualquier empleado o funcionario de dicha corporación o agencia, a menos que se hubiera determinado por sentencia final, firme, inapelable e irrevisable, que dicha ley o actuación autorizada por ley es inconstitucional o inválida."

■ La prohibición contenida en el Art. 678 del Código de Enjuiciamiento Civil a los efectos de que no podrá otorgarse un *injunction* para impedir el cumplimiento de cualquier actuación de una agencia pública, a menos que se hubiere determinado por sentencia que dicha actuación es inválida o inconstitucional, no es de aplicación. No se impugna aquí la facultad de la Junta de Planificación para conceder un permiso de uso sino las actuaciones de personas privadas de usar un apartamiento residencial en violación de las restricciones privadas impuestas al uso del apartamiento e inscritas en el Registro de la Propiedad.

La decisión del tribunal de instancia desestimando la demanda quebranta el régimen de propiedad horizontal del edificio al cual voluntariamente se sometieron los condómines destruyendo así el propósito común y legítimo de dedicar los apartamientos al uso residencial exclusivamente.

Se dictará sentencia *revocando la sentencia recurrida y se devolverá el caso al tribunal de instancia para que celebre a la mayor brevedad una vista y disponga sobre la solicitud del interdicto provisional solicitado por los recurrentes y continúe con los procedimientos del caso.*

El Juez Asociado Señor Irizarry Yunqué, no intervino.