Waldemar Olmeda Nazario, etc., demandantes y recurrentes, *v.* Andrés Sueiro Jiménez, etc., demandados y recurridos.

*Número:* RE-87-531      *Resuelto:* 31 de enero de 1989

*Hiram Lozada Pérez*, abogado de los recurrentes; *José Davison Lampón*, abogado de los recurridos.

EL JUEZ ASOCIADO SEÑOR HERNÁNDEZ DENTON emitió la opinión del Tribunal.

Comparecen ante nos los demandantes recurrentes Olmeda Nazario, etc. para cuestionar una sentencia enmendada emitida por el Tribunal Superior, Sala de Bayamón, mediante la cual dejó sin efecto un *injunction* dictado anteriormente. Revocamos.

I

Los hechos pertinentes a la controversia ante nos comenzaron el 30 de julio de 1986, cuando los aquí recurrentes presentaron una demanda y solicitud de *injunction* ante la Sala de Bayamón del Tribunal Superior contra Andrés Sueiro Jiménez. En ésta se alegaba que el señor Sueiro, en violación a ciertas servidumbres en equidad, operaba una tienda desde un inmueble de su propiedad localizado en la Urb. Villa Clementina. El tribunal celebró una vista en la cual admitió prueba documental y testifical. Además, celebró una inspección ocular.

El 30 de octubre de 1986 el tribunal de instancia dictó sentencia en la que concluyó que las servidumbres en equidad eran razonables y estaban vigentes. Concluyó, además, que el uso comercial de la propiedad constituía una violación a las restricciones y declaró con lugar la demanda. Ordenó a los demandados cesar y desistir de la operación de sus negocios. De esta decisión los demandados recurrieron ante nos mediante solicitud de revisión. Luego de examinar el recurso, declinamos su invitación a revocar la decisión del tribunal de instancia.

El 13 de marzo de 1987, cuatro (4) meses y trece (13) días después de la fecha de la sentencia original de *injunction*, los demandados presentaron ante el tribunal de instancia una moción de relevo de sentencia en la cual plantearon que por error o inadvertencia las defensas de consentimiento, conciencia impura, incuria (*laches*) e impedimento no fueron levantadas en el memorando en oposición al *injunction*. El tribunal decretó un no ha lugar a esta solicitud, notificándose la resolución el 27 de marzo de 1987. Luego de la renuncia de su anterior abogado, los demandados presentaron una moción de reconsideración el 14 de abril de 1987. Alegaron que "por inadvertencia de [su previa] representación legal . . . [se] omitió desafortunadamente la presentación de evidencia y hechos que sin lugar a dudas alteran como cuestión de derecho el resultado de la sentencia dictada". Apéndice IX, pág. 19. Esta evidencia consistía en copias de dos (2) sentencias del Tribunal Superior, Sala de Bayamón: *Bonet v. Delgado*, Civil Núm. 67–3003, Sentencia de 29 de agosto de 1969, y *A.R.P.E. v. Sueiro*, Civil Núm. CS-85-4965, Sentencia de 11 de marzo de 1986.

El 24 de septiembre de 1987, el Tribunal Superior acogió la solicitud y dictó sentencia enmendada en la que dejó sin efecto su decisión original de 30 de octubre de 1986. Concluyó que la sentencia de *Bonet v. Delgado*, supra, constituía la ley del caso y que la parte demandante debió haber inter-

venido en el pleito de *A.R.P.E. v. Sueiro*, supra, y no instar una demanda independiente. Es de esta sentencia enmendada que los demandantes recurren ahora ante nos. Por entender que el tribunal de instancia erró tanto en el aspecto procesal como en el sustantivo, revocamos la sentencia dictada.

## II

■ En el caso de autos, los demandados inicialmente solicitaron sin éxito el relevo de sentencia para plantear ciertas defensas al *injunction*. *Dieciocho (18) días* después, solicitaron la reconsideración de la resolución, introduciendo una nueva defensa e incluyendo en su moción copia de las sentencias dictadas con anterioridad, las cuales alegadamente cambiarían el resultado del caso. Esta reconsideración es la que el tribunal de instancia acoge. Incidió. El tribunal no tenía jurisdicción para considerar la reconsideración, pues ésta fue presentada pasados los quince (15) días que establece la Regla 47 de Procedimiento Civil, 32 L.P.R.A. Ap. III.

Aun considerando la reconsideración presentada como una segunda solicitud de relevo bajo la Regla 49.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, o como una revisión *motu proprio* por el tribunal de su dictamen, los demandados no tienen razón. A poco que examinemos el planteamiento de los recurridos en reconsideración, notamos que no se apoya en el descubrimiento de nueva prueba luego de pasados los términos para solicitar nuevo juicio (Regla 49.2(2) de Procedimiento Civil, 32 L.P.R.A. Ap. III), sino más bien lo que se pretende es presentar una nueva defensa —*res judicata*— la cual nunca se levantó alegadamente por "[e]rror, inadvertencia, sorpresa o negligencia excusable". Regla 49.2(1) de Procedimiento Civil, 32 L.P.R.A. Ap. III.

■ La Regla 49.2 de Procedimiento Civil, *supra*, le confiere a los tribunales la facultad de dejar sin efecto una sen-

tencia, una orden o una resolución. Sin embargo, antes de hacerlo el tribunal debe determinar si bajo las circunstancias específicas del caso existen razones que justifiquen la concesión de un remedio contra los efectos de la sentencia. *Dávila v. Hosp. San Miguel, Inc.*, 117 D.P.R. 807 (1986).

Además, aun cuando hemos señalado que la Regla 49.2 de Procedimiento Civil, *supra*, debe interpretarse de forma liberal, esto no significa que se utilice en sustitución de los recursos de revisión o reconsideración. *Figueroa v. Banco de San Juan*, 108 D.P.R. 680, 688 (1979); *González v. Chávez*, 103 D.P.R. 474, 476 (1975). Una persona no tiene derecho a que sus reclamaciones adquieran permanencia en los tribunales, manteniendo a la otra parte en un estado de incertidumbre sin más excusa para su falta de diligencia que una escueta referencia a circunstancias especiales, descuidos o inadvertencias. *Dávila v. Hosp. San Miguel, Inc.*, supra; *Fine Art Wallpaper v. Wolff*, 102 D.P.R. 451, 458 (1974).

En el caso de autos, la moción de relevo de sentencia se fundamentó en el error de no presentar cierta prueba en el juicio que alegadamente cambiaría el resultado final del litigio al entonces tenerse que aplicar la defensa de cosa juzgada. La defensa de *res judicata* es una defensa afirmativa, por lo que se entiende renunciada si no se levanta al hacer la primera alegación responsiva. Reglas 6.3 y 10.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Los recurridos pretenden levantar esta defensa no sólo después de haber contestado la demanda, sino más de cinco (5) meses después de haberse dictado sentencia. Ello no es posible. Esta interpretación sería contraria al principio de la Regla 1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, de que estas reglas se interpretarán para garantizar "una solución justa, rápida y económica de todo procedimiento".

■ Para reabrir un caso bajo el segundo inciso de la Regla 49.2 de Procedimiento Civil, *supra*, se requiere, entre otras cosas, que la parte promovente demuestre que a pesar de que ejercitó una diligencia razonable no pudo descubrir la prueba que ahora pretende introducir. Tratándose en este caso de dos (2) sentencias dictadas con anterioridad a la presentación del presente pleito, en una de las cuales el recurrido fue parte, no podemos concluir que se desplegó la debida diligencia. Bajo la circunstancia especial de este caso, no procedía el relevo de la sentencia bajo el inciso (2) de la Regla. 49.2 de Procedimiento Civil, *supra*. Véase *Banco Crédito v. Chico Sagastibelza*, 90 D.P.R. 125, 138 (1964).

■ Veamos si procedía bajo el primer inciso de la citada Regla 49.2 de Procedimiento Civil, *supra*. Al amparo de este acápite se requiere del promovente una demostración por preponderancia de prueba de los hechos que justifican la moción. *Dávila v. Hosp. San Miguel, Inc.*, supra. También se debe tomar en consideración si la otra parte sufrirá perjuicio de concederse el remedio solicitado. *Neptune Packing Corp. v. Wackenhut Corp.*, 120 D.P.R. 283 (1988). En casos en donde se dicta sentencia en rebeldía o por incomparecencia de la parte promovente, hemos dicho que se requiere alegar y demostrar que se tiene una defensa válida que oponer a la reclamación de la otra parte. *Fine Art Wallpaper v. Wolff*, supra, pág. 459; *J.R.T. v. Missy Mfg. Corp.*, 99 D.P.R. 805 (1971); *Neptune Packing Corp. v. Wackenhut Corp.*, supra. No es posible bajo este inciso solicitar la reapertura para plantear defensas renunciadas, excepto las que producen la nulidad absoluta de la sentencia.

■ No se trata este caso de una sentencia en rebeldía o dictada por la incomparecencia del recurrido. Ambas partes tuvieron oportunidad de presentar prueba para establecer sus reclamaciones y defensas. Lo que desean los recurridos

es utilizar el mecanismo de relevo de sentencia para relitigar su caso al aducir defensas previamente renunciadas, todo ello en claro perjuicio de los recurrentes. Creemos que el tribunal de instancia abusó de su discreción al reabrir el caso.

## III

Aun permitiéndole a los recurridos presentar las nuevas pruebas y defensas, sus planteamientos no afectan el dictamen original de *injunction.* Lo que se pretende introducir ahora son dos (2) decisiones de la Sala de Bayamón del Tribunal Superior en pleitos relativos a la Urb. Villa Clementina.

En la sentencia de *Bonet v. Delgado,* supra, el tribunal sostuvo que el demandante en ese caso no actuó con "las manos limpias" al atacar la operación de una escuela en la urbanización. Aunque el tribunal concluyó que el demandante no impugnó otros usos no residenciales en la urbanización, y que esto era un impedimento para la concesión del remedio solicitado, no resolvió definitivamente que estos usos tuvieran el efecto de eliminar la vigencia de las servidumbres en equidad.

El hecho de que diecisiete (17) años atrás se permitiera el establecimiento de una escuela en la urbanización no implica que se abandonaran las restricciones al uso de la propiedad que gravan la vecindad. Tampoco implica que hayan ocurrido cambios sustanciales en el uso de la propiedad tolerados por los vecinos. Estas alteraciones tienen que ser tan radicales que hagan la restricción irrazonable y opresiva, y que también destruyan el valor que tenía el convenio original. *Asoc. V. Villa Caparra v. Iglesia Católica,* 117 D.P.R. 346 (1986); *Colón v. San Patricio Corporation,* 81 D.P.R. 242 (1959). Si bien es cierto que ya desde la fecha de la sentencia de *Bonet v. Delgado,* supra, la urbanización había sufrido al-

gunos cambios, en el caso de autos, luego de realizar una inspección ocular, el tribunal inferior concluyó que los cambios no eran radicales.

Con estos pronunciamientos en mente y a la luz de las conclusiones de hecho y de derecho a las que originalmente llegó el tribunal inferior, la sentencia de 1969 que autorizó la localización de una escuela en la urbanización no puede afectar la vigencia y validez de las servidumbres en 1988.

En la segunda de las decisiones presentadas como nueva evidencia, *A.R.P.E. v. Sueiro*, supra, la Administración de Reglamentos y Permisos (A.R.P.E.) solicitó un *injunction* contra el Sr. Andrés Sueiro porque éste construyó una estructura sin los correspondientes permisos y operaba una tienda en una zona residencial. Este *injunction* fue concedido, pero el demandado le hizo caso omiso a la orden. De hecho, el 5 de septiembre de 1986, el tribunal lo encontró incurso en desacato y le ordenó una vez más cesar la operación de su negocio por su incumplimiento con los reglamentos de A.R.P.E. En el caso de autos, el tribunal inferior concluyó que los aquí demandantes recurrentes debieron solicitar intervenir en el pleito instado por A.R.P.E. porque presentaba y discutía las mismas controversias. Al así hacerlo, erró.

■■■ El hecho de que A.R.P.E. lleve una acción para hacer valer sus reglamentos no impide que otros ciudadanos lleven acciones independientes para poner en vigor las servidumbres en equidad. Ya hemos resuelto que las acciones de A.R.P.E. para poner en vigor sus reglamentos son separadas e independientes de aquellas que pueden llevar los ciudadanos para hacer valer sus intereses legítimos. Véanse: *Torres v. Rodríguez*, 101 D.P.R. 177, 179, 183–184 (1973); *Pérez v. Pagán*, 79 D.P.R. 195, 198–199 (1956); *Colón v. San Patricio Corporation*, supra, págs. 267–268; *Rodríguez v. Twin Towers Corp.*, 102 D.P.R. 355 (1974).

El objetivo de la acción de A.R.P.E. es fundamentalmente distinto al de los demandantes recurrentes en este recurso. El organismo administrativo aseguró el cumplimiento de ciertos reglamentos, mientras que los ciudadanos defienden la vigencia de las restricciones privadas que impusieron a sus propiedades. Además, aun si se tratara de intereses similares "[n]o puede oponerse al derecho de los demandantes a solicitar un *injunction* para defender sus intereses legítimos, el derecho que la ley independientemente le confiere al Estado y a la Junta de Planificación de iniciar una acción similar". *Torres v. Rodríguez*, supra, pág. 184. Debemos recordar que los tribunales deben "facilitar en todo lo posible, dentro de [la] ley, el que tanto el Estado como las personas particulares puedan hacer efectivas las disposiciones civilizadoras de urbanismos". Íd., pág. 185. Por lo tanto, no hay razón para exigirle a una persona intervenir en las acciones instadas por A.R.P.E., dado que el fin perseguido por ésta es distinto al perseguido por los ciudadanos privados.

En conclusión, las razones aducidas por los demandados recurridos para dejar sin efecto la sentencia no fueron válidas. La "nueva" evidencia ahora traída no afecta el dictamen original de *injunction*. La Regla 49.2 de Procedimiento Civil, *supra*, no es una llave maestra para reabrir a capricho el pleito ya adjudicado y echar a un lado la sentencia correctamente dictada. *Ríos v. Tribunal Superior*, 102 D.P.R. 793, 794 (1974); *Ortiz Serrano v. Ortiz Díaz*, 106 D.P.R. 445, 449 (1977); *Sucn. Bravo v. Srio. de Hacienda*, 106 D.P.R. 672, 675 (1978). Concluimos que erró el tribunal de instancia al dejar sin efecto su sentencia original de *injunction*.

Por los fundamentos expuestos, *se revocará la sentencia enmendada del tribunal de instancia. Se le instruye a dicho foro a que con la prontitud y rapidez deseable en este tipo de*

*casos ponga en vigor su dictamen original que declara con lugar la demanda incoada por el ciudadano afectado por la violación de las servidumbres de equidad que gravan la urbanización.*

El Juez Asociado Señor Negrón García se inhibió. El Juez Asociado Señor Rebollo López concurre con el resultado sin opinión escrita.