TEXTO COMPLETO DE LA RESOLUCION
La peticionaria, Virginia Cortés, presentó el 12 de diciembre de 1994 una Petición de Certiorari ante el Tribunal Superior para revisar una resolución del Tribunal de Distrito, denegando una solicitud de relevo de sentencia. Dicha resolución fue emitida el 10 de octubre de 1994 y notificada a las partes el 10 de noviembre de dicho año. La sentencia del tribunal de instancia, declarando con lugar una demanda de desahucio, fue emitida el 16 de junio de 1994 y notificada a las partes el 5 de julio de 1994.
Considerada la Petición de Certiorari, concluimos que lo que se solicita es la revisión en los méritos de la sentencia emitida por el Tribunal de Distrito, cuyo término para apelar había transcurrido de forma fatal el 4 de agosto de 1994. Por ello, procede que deneguemos el recurso solicitado. Veamos.
La demanda en este caso, sobre desahucio por falta de pago de los cánones de arrendamiento, fue presentada en el Tribunal de Distrito el 12 de enero de 1994. El tribunal concluyó que se había probado la causal de desahucio por falta de pago y dictó Sentencia el 16 de junio de 1994. Dicha sentencia fue notificada el 5 de julio de 1994.
El término de los treinta (30) días que dispone la Regla 53.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. m, R. 53.1 para apelar venció el 4 de agosto de 1994. El 12 de septiembre de 1994 la peticionaria presentó una solicitud para que se dejase sin efecto la sentencia. En esta, *997 cuestionó la apreciación de la prueba y de los hechos sobre el incumplimiento del contrato de arrendamiento. En el escrito de Certiorari la peticionaria reprodujo los mismos argumentos o planteamientos que presentó en la solicitud para que se dejase sin efecto la sentencia.
La moción de relevo presentada en este caso no se sustentó por ninguna de las causales que dispone la Regla 49.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R.49.2, para que se deje sin efecto la sentencia, entre otras, error, inadvertencia, sorpresa, negligencia excusable, descubrimiento de nueva prueba, fraude, etc.
Los planteamientos presentados en la solicitud de relevo de sentencia y los esbozados en la Petición de Certiorari, como hemos visto, van encaminados a impugnar los méritos de la sentencia dictada, en lugar de justificar la procedencia del relevo de la misma, conforme dispone la Regla 49.2, supra.
Cabe señalar que la práctica de utilizar la Regla 49.2 para sustituir los remedios apelativos disponibles ha sido desaprobada por el Tribunal Supremo. Olmeda Nazario v. Sueiro Jiménez, 123 D.P.R. 294, 299, (1989). Permitir que la peticionaria presente en su recurso de Certiorari errores supuestamente cometidos por el tribunal de instancia en su sentencia, conlleva despojar de todo sentido el carácter fatal que tiene el término de treinta (30) días para apelar, ya que la inacción en determinado plazo acarrea la pérdida de algún derecho de otro modo reconocido. Pueblo v. Mojica Cruz, 115 D.P.R. 569, 574 (1984).
En consideración a lo antes expuesto, se deniega el recurso de certiorari.
Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General
ESCOLIO 95 DTA 255
1. El 2 de mayo de 1995 la Petición de Certiorari fue referida por el Tribunal de Primera Instancia al Tribunal de Circuito de Apelaciones para su consideración toda vez que le corresponde a este último resolver la petición, conforme la nueva Ley de la Judicatura de Puerto Rico, Ley Núm. 1 del 28 de julio de 1994.