ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| ALFONSO ACOSTA CLEMENTE Y OTROS<br><br>Apelado<br><br>v.<br><br>VÍCTOR VILLEGAS MORALES Y OTROS<br><br>Apelante | KLAN202401060 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Civil número: LO2022CV00076<br><br>Sobre: Desahucio por falta de pago |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos

Rivera Marchand, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 20 de febrero de 2025.

Comparecen, el señor Víctor Villegas Morales (señor Villegas Morales), la señora Janet Morales (señora Morales) y KRAJO Beach Bar, LLC (KBB), (en conjunto, apelantes) y nos solicitan la revocación de una *Sentencia Parcial,* notificada el 28 de mayo de 2024, por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI o foro primario). En esta, el TPI desestimó la reconvención instada por el señor Villegas Morales contra el señor Alfonso Acosta Clemente (señor Acosta Clemente) y G.A.D. LLC (G.A.D.), únicamente, en cuanto a las causas de acción sobre interferencia torticera e incumplimiento de contrato.

Por los fundamentos que exponemos a continuación, confirmamos el dictamen apelado.

### I.

El 8 de julio de 2022, el señor Acosta Clemente y G.A.D. LLC (en conjunto, apelados) presentaron la *Demanda* de epígrafe en contra de los apelantes, quienes ocupan la propiedad localizada en la Carretera 187, kilómetro 8.2 del Barrio Torrecilla Baja, en el

Municipio de Loíza.[1] En ella, solicitaron el pago de los cánones de arrendamiento vencidos, cargos por atrasos, más intereses por mora, así como, el desalojo. En dicho predio, se encuentra una estructura edificada que se utiliza para la operación de un negocio dedicado a la venta de bebidas alcohólicas. De las alegaciones de la demanda se desprende que, el 23 de abril de 2015, el señor Acosta Clemente firmó un *Contrato de Arrendamiento con Opción a Compra* (Contrato) a favor del señor Villegas Morales, cuyo objeto era la referida propiedad en donde opera el negocio llamado El Balcón del Zumbador, hoy conocido como KBB. Expusieron en la referida *Demanda* que, en anterior ocasión (el 12 de agosto de 2019), el señor Acosta Clemente había incoado otra demanda sobre incumplimiento de contrato, cobro de dinero y desahucio, en contra del señor Villegas Morales, la señora Morales y la sociedad legal compuesta por ambos. Añadieron que, dicho pleito anterior finalizó ante el TPI el 13 de febrero de 2020, mediante la notificación de una *Sentencia* final, dictada en rebeldía en contra del señor Villegas Morales, la señora Morales y la sociedad legal de gananciales compuesta por ambos (caso número CA2019CV02585). Informaron que, en el referido dictamen el foro primario determinó que, el señor Villegas Morales incumplió el *Contrato de Arrendamiento con Opción a Compra.* En su consecuencia, el foro primario dejó sin efecto el contrato suscrito el 23 de abril de 2015 por las partes y ordenó al señor Villegas Morales resarcir los daños y perjuicios que sufrió el señor Acosta Clemente.

Según surge de las alegaciones de la demanda de epígrafe, el señor Acosta Clemente y su esposa, la señora Irma Virginia Cruz De Jesús, vendieron, cedieron y traspasaron a G.A.D. LLC, la posesión y la titularidad del inmueble en cuestión y del negocio, ahora

---

[1] Apéndice, págs. 32-36.

llamado KRAJO Beach Bar, LLC, mediante un *Contrato de Compraventa*, otorgado el 4 de septiembre de 2020.[2] Con posterioridad, G.A.D. LLC notificó, al todavía inquilino, señor Villegas Morales, la renovación del contrato de arrendamiento y un aumento en el canon correspondiente. Sostuvieron que, transcurridos varios meses sin que este último acreditara el pago del canon de arrendamiento y luego de emitir tres avisos sobre cobro de dinero, el 27 de julio de 2021, G.A.D. LLC presentó una *Demanda* sobre desahucio, por la vía sumaria (Caso Civil Núm. CA2021CV01879) contra el señor Villegas Morales.[3]

Culminados los procesos de rigor en el Caso Civil Núm. CA2021CV01879, así como la celebración de un juicio, el foro primario declaró ha lugar la demanda interpuesta por G.A.D. LLC en contra del señor Villegas Morales.[4] Sin embargo, un panel hermano de esta Curia, mediante la *Sentencia* emitida en el recurso Núm. KLAN202101072, revocó dicho dictamen, por entender que, existía un posible conflicto de título que ameritaba ser dirimido mediante un pleito ordinario.[5]

En cumplimiento con lo anterior, G.A.D. LLC y el señor Acosta Clemente instaron la *Demanda* de epígrafe, el 8 de julio de 2022. En esta ocasión, alegaron que el señor Villegas Morales, la señora Morales y KBB incumplieron su obligación de pago correspondientes a los cánones de arrendamiento. En su consecuencia, suplicaron al TPI declarar ha lugar la reclamación en cobro de dinero y ordenar el desahucio de los apelantes, más el pago de costas y honorarios de abogado. Añadieron que, no existe duda sobre la titularidad del inmueble o los derechos entre G.A.D. LLC y el señor Acosta Clemente, como partes interesadas en la demanda instada.

---

[2] Apéndice, págs. 159-162.
[3] Apéndice, págs. 142-145.
[4] Apéndice, págs. 146-154.
[5] Apéndice, págs. 16-28.

El 22 de enero de 2023, los apelantes contestaron la demanda y presentaron una reconvención en contra del señor Acosta Clemente y G.A.D. LLC, respectivamente.[6] El 17 de febrero de 2023, los apelados acreditaron su réplica a la reconvención instada.[7] Mediante su réplica a la reconvención, el señor Acosta Clemente y G.A.D. LLC, negaron las alegaciones en su contra y, en particular, sostuvieron que, nadie le ha impedido al señor Villegas Morales operar el negocio de forma ininterrumpida en precario, desde la notificación de la *Sentencia* en el Caso Civil Núm. CA2019CV02585.

Así las cosas, el 20 de abril de 2023, el señor Acosta Clemente y G.A.D. LLC instaron una *Solicitud de Sentencia Sumaria Parcial*.[8] Tras consignar 19 hechos incontrovertidos, solicitaron que el TPI reconociera que, el señor Villegas Morales no es el dueño del inmueble y que el mismo fue vendido a G.A.D. LLC mediante el *Contrato de Compraventa*; y que el señor Villegas Morales, la señora Morales y KBB son precaristas, por lo que procede su desalojo del inmueble. Informaron que, las mejoras cuyo reembolso reclaman en la reconvención, les fueron regaladas por un programa de televisión de los Estados Unidos, por lo cual, no procede ningún reembolso a esos efectos. En reacción, el 15 de junio de 2023, los apelados acreditaron su oposición al referido petitorio, por entender que,

---

[6] Apéndice, págs. 41-44.
[7] Apéndice, págs. 45-48.
[8] Apéndice, págs. 49-66. Junto a su petitorio incluyó los siguientes anejos: Anejo I-*Sentencia* emitida por el TPI el 7 de febrero de 2020 en el caso CA2019CV02585; Anejo II-*Sentencia Parcial* emitida por el TPI el 3 de octubre de 2019 en el caso CA2019CV02585; Anejo III-*Resolución* emitida por el TPI el 13 de junio de 2022 en el caso CA2019CV02585; Anejo IV-*Contrato de Compraventa* del 4 de septiembre de 2020; Anejo V-*Contestación a la Demanda* presentada por Víctor Villegas Morales en el caso LO2022CV00076; Anejo VI-*Contestación a la demanda* presentada por Janet Morales y KRAJO Beach Bar, LLC en el caso LO2022CV00076; Anejo VII-*Sentencia* emitida el 17 de marzo de 2022 por el Tribunal de Apelaciones en el recurso KLAN2O2101072; Anejo VIII-*Sentencia* emitida por el TPI el 11 de agosto de 2022 en el CA2021CV01879; Anejo IX-*Moción en consignación de pago de sentencia* presentada por Janet A. Morales en el caso CA2019CV02585; y Anejo X-Copias de cheques por las cantidades de $16,000.00, $5,000.00, $5,000.00 y $500.00.

existen controversias medulares que impiden la adjudicación por la vía sumaria.[9]

Ahora bien y pertinente al recurso ante nos, el 23 de agosto de 2023, los apelados enmendaron la *Demanda.*[10] En respuesta, la señora Morales y KBB contestaron la demanda enmendada en conjunto el 27 de septiembre de 2023, sin incluir reconvención alguna, en contra de los apelados.[11] Sin embargo, separadamente, el señor Villegas Morales acreditó su contestación a la demanda enmendada, el 27 de septiembre de 2023 y, en ella, sí incluyó una reconvención en contra del señor Acosta Clemente y G.A.D. LLC, respectivamente.[12]

En esencia, el señor Villegas Morales, mediante su reconvención reclamó el resarcimiento por el presunto incumplimiento de los apelados con el *Contrato de Arrendamiento con Opción a Compra* y por realizar una venta fraudulenta con G.A.D. LLC para despojarlo de la posesión del bien inmueble en controversia. Solicitó el pago de $286,000.00 por concepto de mejoras incurridas en la propiedad, $180,000.00 por concepto de ingresos dejados de percibir, $200,000.00 por concepto de daños morales, más costas y gastos legales.

Pendiente lo anterior, el 12 de octubre de 2023, el señor Acosta Clemente y G.A.D. LLC solicitaron la desestimación de la reconvención[13]. Arguyeron que, como corolario de lo resuelto por el TPI, en el Caso Civil Núm. CA2019CV02585, corresponde aplicar la doctrina de impedimento colateral por sentencia, a las alegaciones de la reconvención.

---

[9] Apéndice, págs. 67-76. Cabe señalar que a esta fecha no surge de nuestro expediente si el TPI haya adjudicado el petitorio sumario.
[10] Apéndice, págs. 77-81.
[11] Apéndice, págs. 86-87.
[12] Apéndice, págs. 82-85.
[13] Apéndice, págs. 90-96. *Moción de Desestimación en torno a Reconvención.*

De otra parte, el señor Villegas Morales, la señora Morales y KBB se opusieron al petitorio de desestimación mediante una *Moción en cumplimiento de orden y en oposición a solicitud de desestimación en torno a reconvención.*[14] Resaltaron que, un panel hermano (recurso Núm. KLAN202101072) revocó la *Sentencia* del TPI porque el señor Acosta Clemente y G.A.D. LLC no establecieron su titularidad. A su entender, no procede la desestimación tomando en consideración que, la ley del caso es precisamente el conflicto de título existente, lo cual debe ser dilucidado por el TPI.

Al justipreciar las posturas de las partes, el TPI desestimó únicamente las causas de acción sobre interferencia torticera e incumplimiento de contrato incluidas en la reconvención. Ello, por entender que, existe una sentencia final y firme, mediante la cual, se concluyó que el señor Villegas Morales incumplió el *Contrato de Arrendamiento con Opción a Compra,* otorgado el 23 de abril de 2015. Siendo el referido contrato el hecho esencial de la reconvención, dictaminó que no procede entretener dichas causas adjudicadas en el pleito anterior (Caso Civil Núm. CA2019CV02585).

Oportunamente, ambas partes solicitaron reconsideración. Tras la celebración de una vista argumentativa, el foro primario denegó ambos petitorios mediante una *Resolución* notificada el 17 de octubre de 2024.[15]

Inconformes, los apelantes acuden ante nos y señalan la comisión de los siguientes errores:

> Erró el Honorable Tribunal de Primera Instancia al no acoger la solicitud de falta de jurisdicción de la materia, presentado por el peticionario y argumentado por las partes en la vista del 5 de septiembre de 2024.

> Erró el Honorable Tribunal de Primera Instancia al determinar que existe un impedimento por sentencia colateral que surge del caso CA2019CV02585 y la extensión de esta.

---

[14] Apéndice, págs. 97-104.
[15] Apéndice, pág. 15.

> Erró el Honorable Tribunal de Primera Instancia al desestimar la causa de acción por interferencia torticera y daños.

Luego de conceder la prórroga solicitada, la parte apelada comparece mediante *Moción de Desestimación* el 14 de enero de 2025. En esta argumenta que, el recurso versa sobre la procedencia de la reconvención instada por el señor Villegas Morales, por lo que, el presente recurso de apelación interpuesto por la señora Morales y KRAJO Beach Bar, LLC no resulta justiciable. Ello, toda vez que, la señora Morales y KRAJO Beach Bar, LLC, no incluyeron una reconvención en su contestación a la demanda enmendada. A lo antes añade que, procede la desestimación del recurso en cuanto al señor Villegas Morales por incumplimiento con las disposiciones reglamentarias sobre el perfeccionamiento del recurso instado.

Evaluados los planteamientos expuestos y el expediente ante nos, determinamos no ha lugar a la moción dispositiva en cuanto al señor Villegas Morales, no así en cuanto a la señora Morales y a KRAJO Beach Bar, LLC. De un examen cuidadoso del expediente ante nos, constatamos que el señor Villegas Morales instó la reconvención contra los apelados junto a la contestación a la demanda y la contestación a la demanda enmendada.[16] Distinto a lo anterior, la señora Morales y KRAJO Beach Bar, LLC, presentaron su alegación responsiva de forma conjunta sin incluir una reconvención.[17] En su consecuencia, tanto la señora Morales como KRAJO Beach Bar, LLC., carecen de legitimación en el recurso instado que versa sobre la procedencia de la reconvención del señor Villegas Morales.

Superado lo anterior y con el beneficio de la comparecencia de las partes, así como la regrabación de la vista argumentativa celebrada el 5 de septiembre de 2024, procedemos a resolver.

---

[16] Véase, Apéndice, págs. 41-44 y págs. 82-85.
[17] Véase, Apéndice, págs. 39-40 y págs. 86-87.

**II.**

**A. La doctrina de la cosa juzgada y el impedimento colateral**

La doctrina de cosa juzgada aplica cuando existe una primera sentencia válida; que adjudicó la controversia en sus méritos; que advino final y firme; con la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron; y que el remedio solicitado sea análogo al previamente reclamado. *Figueroa Santiago et als. v. ELA*, 207 DPR 923, 933 (2021). La referida doctrina responde tanto al interés del Estado a que se les ponga fin a los litigios para que así no se eternicen las cuestiones judiciales, como a la deseabilidad de que no se someta en dos ocasiones a un ciudadano a las molestias que supone litigar la misma causa. *Ortiz Matías et al. v. Mora Development,* 187 DPR 649, 654-655 (2013).

En cuanto al requisito de identidad entre las cosas, basta con que se refiera al mismo asunto, independientemente de que uno se aborde totalmente y el otro solo parcialmente. *Acevedo v. Western Digital Caribe, Inc.*, 140 DPR 452, 464 (1996). De otra parte, la identidad entre las causas se logra establecer cuando se deduce que, tanto en el pleito anterior como en el que se invoca la excepción de cosa juzgada, las acciones ejercitadas implican un mismo motivo o razón de pedir: si los hechos y fundamentos de las peticiones son los mismos en lo que afecta la cuestión planteada. *Beníquez et al. v. Vargas et al.,* 184 DPR 210, 223 (2012).

Análogamente, el impedimento colateral por sentencia, por constituir una modalidad de la cosa juzgada, protege a los litigantes de tener que defenderse o de probar su reclamación en repetidas ocasiones sobre una misma controversia. *Presidential v. Transcaribe,* 186 DPR 263, 276 (2012). Lo antes, con el objetivo de promover la economía procesal y judicial, evitar litigios innecesarios

y dictámenes inconsistentes. *Íd.* Sin embargo, distinto a la cosa juzgada, la aplicación del impedimento colateral por sentencia no requiere la identidad de las causas. *Íd.* Entiéndase que, la referida defensa puede invocarse, aunque la razón de pedir en la demanda actual no sea la misma que en la reclamación anterior. *Íd.*

Sobre cuándo aplica el impedimento colateral por sentencia nuestro más Alto Foro dictaminó que: "surte efectos cuando un hecho esencial para el pronunciamiento de una sentencia se dilucida y se determina mediante sentencia válida y final y tal determinación es concluyente en un segundo pleito entre las mismas partes, aunque estén envueltas causas de acción distintas." *Íd.*, pág. 277. Esta doctrina puede exponerse de forma defensiva u ofensiva. En la modalidad defensiva, quien presenta la defensa es la parte demandada para impedir que la parte demandante litigue nuevamente un asunto previamente presentado y que perdió en un pleito anterior en contra de otra parte. *P.R. Wire Prod. V. C. Crespo & Assoc.,* 175 DPR 139, 153 (2008). En cuanto a la segunda modalidad, quien presenta la defensa es la parte demandante para impedir que la parte demandada re litigue un asunto presentado y sobre el cual no prevaleció en un pleito anterior en contra de otra parte. *Íd.* En ambos escenarios, la parte afectada por la interposición del impedimento colateral ha litigado y ha perdido el asunto en el pleito anterior. *Íd.*

Ahora bien, es importante apuntalar que, la doctrina de cosa juzgada es una de las defensas afirmativas que enumera la Regla 6.3 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 6.3, y a esos efectos dispone que, debe formularse de manera clara, expresa y específica al responder una alegación o, de lo contrario, se tiene por renunciada. *Presidential v. Transcaribe*, supra, pág. 281, citando a *Olmeda Nazario v. Sueiro Jiménez,* 123 DPR 294 (1989). Por lo tanto, de no levantar la defensa afirmativa de manera oportuna, la

parte no puede plantearla en ninguna otra etapa posterior del proceso judicial. *Íd.,* págs. 285-286. Además, los tribunales no pueden levantar defensas afirmativas *motu proprio* cuando las partes son quienes las han renunciado. *Íd.*, pág. 284.

**III.**

El señor Villegas Morales arguye que, el foro primario incidió al dictar una *Sentencia Parcial* a favor de los apelados. En particular, imputa al TPI haber errado al asumir jurisdicción sobre la materia en cuanto a la causa de desalojo y al desestimar la causa de acción por interferencia torticera y daños objeto de su reconvención.

Ello, al amparo de la doctrina de cosa juzgada en la modalidad de impedimento colateral por entender que, el foro primario adjudicó tales reclamaciones en el Caso Civil Núm. CA2019CV02585.

Al entender sobre el recurso según presentado, nos compete primariamente evaluar la aplicabilidad de la doctrina de cosa juzgada a la reconvención instada por el señor Villegas Morales en contra del señor Acosta Clemente y G.A.D. LLC. Al revisar el dictamen final y firme del TPI, Caso Civil Núm. CA2019CV02585, tomamos conocimiento de lo allí dispuesto y constatamos que en él, quedaron adjudicadas las alegaciones sobre interferencia torticera e incumplimiento de contrato que el señor Villegas Morales intenta litigar nuevamente mediante su reconvención. En particular, en el referido dictamen, el foro primario dejó sin efecto el contrato que las partes suscribieron el 23 de abril de 2015 objeto de la reconvención. Cabe puntualizar que, el contrato que el TPI dejó sin efecto es el que presuntamente incumplieron los apelados y con el cual G.A.D. LLC alegadamente intervino. En virtud de lo anterior, coincidimos con el foro primario en que los apelantes intentan re litigar un hecho esencial previamente adjudicado mediante la *Sentencia* notificada, el 13 de febrero de 2020, Caso Civil Núm. CA2019CV02585, que

advino final y firme. Lo antes establece la identidad de la cosa y de la causa.

A los efectos de dilucidar si también se configura la identidad de los litigantes, precisamos que, la parte demandante, en el Caso Civil Núm. CA2019CV02585, fue el señor Alfonso Acosta Clemente y los demandados fueron el señor Víctor M. Villegas Morales; la señora Janet A. Morales; la sociedad legal de gananciales que ambos componen; X, Y, Z nombres de personas naturales y/o jurídicas desconocidas; A, B y C nombres de compañías aseguradoras desconocidas. Resulta evidente de lo anterior que, se configura la identidad de los litigantes entre el pleito anterior y el de epígrafe.

Ante la identidad de las cosas, las causas y los litigantes, resolvemos que, el foro primario actuó correctamente al desestimar parcialmente la reconvención, al amparo de la doctrina de cosa juzgada en su modalidad de impedimento colateral por sentencia.[18] Reiteramos que, el efecto de esta doctrina es que el dictamen previo impide un pleito posterior entre las mismas partes y sobre la misma causa. *Presidential v. Transcaribe*, supra. Los errores señalados no se cometieron.

**IV.**

Por los fundamentos esbozados, confirmamos la *Sentencia Parcial* apelada y devolvemos el presente asunto ante el foro primario para la continuación de los procesos.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[18] Cabe señalar que lo antes no prejuzga las demás reclamaciones que surgen de la reconvención, así como los asuntos atinentes a la demanda principal, pendientes ante el foro primario.