Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel VIII

| | | |
|---|---|---|
| *EX PARTE:*<br><br>JOSÉ REINALDO CORDERO SOTO<br><br>Peticionario | KLCE202500273 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Humacao<br><br>Caso Núm. HU2023CV01208<br><br>Sobre: Aprobación de cuaderno particional |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

Adames Soto, Juez Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 30 de abril de 2025.

Comparece el Sr. Hiram Pérez Soto (señor Pérez Soto o parte peticionaria) por derecho propio, a través de un recurso de *certiorari*, solicitando que intervengamos con una *Resolución* emitida por el Tribunal de Primera Instancia, (TPI), el 28 de febrero de 2025. En específico, mediante dicho dictamen interlocutorio el foro primario dispuso *Nada que disponer*, a una solicitud del peticionario para que se le concedieran diversos remedios, relacionados a una *Sentencia* emitida por el TPI el 23 de mayo de 2023, en la que se aprobó cierto cuaderno particional en el que el causante era su padre.

Adelantamos que nos corresponde desestimar el recurso presentado, por dos razones; 1) a pesar del peticionario ser suspendido del ejercicio de la abogacía por nuestro Tribunal Supremo en *In re Pérez Soto*, 200 DPR 189 (2018), y expresamente ser advertido en esa misma Opinión de que debía **comparecer ante los tribunales mediante representación legal para defender sus intereses en los pleitos**

NÚMERO IDENTIFICADOR

RES2025_____

***relacionados a la herencia de su padre***, decidió ignorar tal Orden y acudir ante nosotros *pro se*; 2) en cualquier caso, carecemos de jurisdicción para atenderlo por resultar tardío.

## I. Resumen del tracto procesal

El asunto que nos concierne tuvo su inicio con la *Sentencia* emitida por el tribunal *a quo,* el 20 de noviembre de 2024, en la que fue aprobado el cuaderno particional de la Sucesión Hiram Pérez Beltrán, según fue presentado por el Ing. José R. Cordero Soto. Surge del recuento procesal incluido en la referida *Sentencia[1]*, que Hiram Pérez Beltrán (señor Pérez Beltrán o causante), padre del aquí peticionario, falleció testado el 7 de octubre de 2006. En dicho testamento el causante había nombrado Contador Partidor a su hija, Enid Pérez Soto (señora Pérez Soto), y como Contador Partidor alterno a José Reinaldo Cordero Soto, (señor Cordero Soto o Contador Partidor).

Acontecido el fallecimiento aludido, y por la renuncia de la señora Pérez Soto para ejercer el albaceazgo y ejercer de Contador Partidor, el señor Cordero Soto asumió tales funciones. Eventualmente, luego de este haber finalizado el ejercicio del albaceazgo y administración del caudal, renunció a ambos cargos, y, por acuerdo entre las partes, fue relevado de rendir cuenta final, siendo aceptada su renuncia.

Antes de la referida renuncia, el 8 de junio de 2023, el señor Cordero Soto les notificó a todos los herederos de la Sucesión Pérez Beltrán un borrador del Cuaderno Particional. Junto a ello se les advirtió a todos los herederos, que podrían someter sus objeciones al Cuaderno Particional, si las tenían, en cuyo caso se celebraría una vista evidenciaria el 16 de junio de 2023 para dilucidarlas.

A pesar de la notificación de la vista aludida, no todos los herederos comparecieron a ella, y tampoco hubo evidencia para refutar el contenido

---

[1] Apéndice del recurso de *certiorari*, págs.

del borrador del Cuaderno Particional. Por lo cual, el Contador Partidor procedió a adoptar el Cuaderno Particional como final y definitivo, presentándolo ante el foro de instancia para su aprobación.

Fue así como, el **20 de noviembre de 2024**, el TPI emitió la *Sentencia* aludida, aprobando el Cuaderno Particional según presentado, concluyendo que se había cumplido con los requerimientos de la legislación pertinente. En armonía, el foro primario ordenó que se procediera con la partición y liquidación del caudal relicto, según lo dispuesto por dicho Cuaderno.

Entonces, el **16 de diciembre de 2024,** la parte peticionaria presentó un escrito intitulado *Comparecencia Especial para Reclamar Vista y Determinaciones de Hecho y de Derecho con relación a la Moción de Nulidad y Restauración de mi Pro Se, se Recuse al Honorable Juez Carlos J. Franco Lecaroz que fue quien Dicto* (sic) *la Sentencia Nula del 20 de Noviembre de 2024.* En la desorganizada y confusa moción el peticionario levantó varias alegaciones inconexas entre sí: se refirió a procesos no atendidos bajo este caso, en los que presuntamente median sentencias de 2010 y 2021; argumentó sobre su inicial descalificación y posterior desaforo; se refirió a otro proceso judicial llevado a cabo en el 2014; imputó conducta antiética a un juez y abogados. A fin de cuentas, en la solicitud de remedios el señor Pérez Soto peticionó la anulación *de las sentencias y resoluciones en su contra*, la paralización de cualquier embargo, sanciones contra abogados, y la recusación del juez que emitió la Resolución del 20 de noviembre de 2024.

En respuesta, el 28 de febrero de 2025, el TPI emitió la *Resolución* recurrida, determinando, *Nada que disponer.*

Inconforme, el señor Pérez Soto presentó el recurso de *certiorari* que nos ocupa, donde planteó el siguiente error:

Erró el Tribunal cuando denegó en el 28 de febrero de 2025 la nulidad de la sentencia dictada en noviembre de 2024 aprobando un cuaderno particional nulo.

## II. Exposición de Derecho

### A. Jurisdicción

La jurisdicción se ha definido como el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Pueblo v. Torres Medina*, 2023 TSPR 50; *Pueblo v. Rivera Ortiz*, 209 DPR 402, 414 (2022); *Allied Management Group, Inc. v. Oriental Bank*, 204 DPR 374, 385 (2020); *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 267 (2018); *Yumac Home v. Empresas Massó*, 194 DPR 96, 103 (2015). Tanto los foros de instancia como los foros apelativos tienen el deber de, primeramente, analizar en todo caso si poseen jurisdicción para atender las controversias presentadas, puesto que los tribunales estamos llamados a ser fieles guardianes de nuestra jurisdicción, incluso cuando ninguna de las partes invoque tal defecto. *Horizon Media v. Jta. Revisora, RA Holdings*, 191 DPR 228, 233-234 (2014); *Shell v. Srio. Hacienda*, 187 DPR 109, 122-123 (2012). Ello responde a que las cuestiones jurisdiccionales son materia privilegiada y deben resolverse con preferencia a los demás asuntos. *Mun. San Sebastián v. QMC Telecom*, supra; *García v. Hormigonera Mayagüezana*, 172 DPR 1, 7 (2007).

Al carecer de jurisdicción o autoridad para considerar un recurso, lo único que procede en derecho es la desestimación de la causa de acción. *Romero Barceló v. ELA,* 169 DPR 460, 470 (2006).

### B. La moción de reconsideración

La Regla 47 de Procedimiento Civil, *infra*, regula lo concerniente a la presentación de la moción de reconsideración y sus efectos procesales. En términos generales, una moción de reconsideración permite que la parte afectada por un dictamen judicial pueda solicitar al tribunal que considere nuevamente su decisión, antes de recurrir al Tribunal de

Apelaciones. *Otero Vélez v. Schroder Muñoz*, 200 DPR 76, 86 (2018); *Mun. Rincón v. Velázquez Muniz,* 192 DPR 989, 1000 (2015); *Morales y otros v. The Sheraton Corp.*, 191 DPR 1, 7 (2014). En ella se dispone que la parte adversamente afectada por una sentencia del Tribunal de Primera Instancia podrá presentar una moción de reconsideración, **dentro del término jurisdiccional de quince (15) días,** desde la fecha de archivo en autos de copia de la notificación de la sentencia. Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R.47.

La misma regla dispone, y nuestro foro de mayor jerarquía así lo ha sostenido, que, una vez presentada la moción de reconsideración **de manera oportuna,** quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción. (Énfasis nuestro). 32 LPRA Ap. V, R.47; *Colón Burgos v. Marrero Rodríguez*, 201 DPR 330, 338 (2018); *Otero Vélez v. Schroder Muñoz*, supra; *Mun. Rincón v. Velázquez Muñiz, supra.*

### C. La moción de nuevo juicio

La Regla 49.2 de las de Procedimiento Civil, 32 LPRA Ap. II, R. 49.2, establece el mecanismo procesal que se tiene disponible para solicitar al foro de instancia el relevo de los efectos de una sentencia cuando esté presente alguno de los fundamentos allí expuestos. *García Colón v. Sucn. González*, 178 DPR 527 (2010). De aquí que, para que proceda una moción al amparo de la Regla 49.2 de Procedimiento Civil de 2009, *supra*, es obligatorio que se aduzca alguna de las siguientes razones: (1) error, inadvertencia, sorpresa o negligencia excusable; (2) descubrimiento de evidencia esencial; (3) fraude; (4) nulidad de sentencia; (5) que la sentencia fue satisfecha o revocada; o (6) cualquier otra razón que justifique dejarla sin efecto. *Íd.* Para conceder un remedio contra los

efectos de una sentencia, el tribunal debe determinar si bajo las circunstancias específicas del caso existen razones que justifiquen tal concesión. *Olmeda Nazario v. Jiménez*, 123 DPR 294, 299 (1989); *Dávila v. Hosp. San Miguel, Inc., supra.*

### III. **Aplicación del Derecho a los hechos**

#### a.

Como primer asunto, reiteramos que, por virtud del expreso mandato de nuestro Tribunal Supremo en *In re Pérez Soto*, supra, pág. 215, el peticionario solo podía ***comparecer ante los tribunales mediante representación legal para defender sus intereses en los pleitos relacionados a la herencia de su padre.*** Precisamente, el recurso ante nosotros trata sobre una controversia *relacionada a la herencia del padre* del peticionario, de modo que este solo estaba autorizado a acudir ante nosotros mediante debida representación legal. A pesar del claro mandato del Tribunal Supremo en contrario, el señor Pérez Soto determinó comparecer por derecho propio, violentando frontalmente la *Orden* contenida en la Opinión citada, por lo que este Tribunal de Apelaciones está impedido de considerar el recurso según tramitado.

#### b.

Con todo, sépase que la *Comparecencia Especial para Reclamar Vista y Determinaciones de Hecho y de Derecho en Relación a la Moción de Nulidad y Restauración de mi Pro Se, se Recuse al Honorable Juez Carlos J. Franco Lecaroz que fue quien Dicto* (sic) *la Sentencia Nula del 20 de Noviembre de 2024,* fue presentada ante el TPI de manera tardía, fuera del término jurisdiccional de quince días dispuesto por la Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47, para presentar una moción de reconsideración, o el mismo término dispuesto por la Regla 43.1, 32 LPRA Ap. V, R. 43.1, para presentar una moción de enmiendas o

determinaciones inicial o adicionales. Es decir, la Sentencia fue notificada al peticionario el 20 de noviembre de 2024, por lo que tenía hasta el 5 de diciembre del mismo año para presentar las referidas mociones, pero la instó el 16 de diciembre de 2024, en exceso del referido término. En consecuencia, la referida moción no tuvo efecto interruptor sobre el término de treinta días para acudir ante nosotros, entendiéndose que el último día para acudir al Tribunal de Apelaciones era el 20 de diciembre de 2025, pero fue instada el 18 de marzo de 2025, de manera tardía, privándonos de jurisdicción.

Finalmente, si el TPI hubiese considerado la referida moción presentada por el peticionario como una bajo la 49.2 de Procedimiento Civil citada, se impondría igual resultado, pues esta no cumplía con ninguna de los requisitos reglamentarios que justificara acogerla, lo que explica el lacónico *Nada que proveer* emitido por el foro recurrido.

## IV. Parte dispositiva

Evaluados los asuntos alzados, *desestimamos* el recurso presentado por falta de jurisdicción, al haberse presentado de manera tardía.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones